UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| Thersia J. Knapik, | § | |
|     *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 5:12-cv-00175-cr |
| | § | |
| Mary Hitchcock Memorial Hospital, | § | |
|     *Defendant*. | § | |

## MOTION TO COMPEL

Pursuant to Federal Rule of Civil Procedure 37(a), defendant Mary Hitchcock Memorial Hospital ("MHMH"), by and through its counsel, Sulloway & Hollis, P.L.L.C., hereby respectfully moves this Court to compel plaintiff Thersia J. Knapik to fully respond to MHMH's First Set of Interrogatories and Requests for Production of Documents (the "Discovery Requests") for the reasons stated below and in MHMH's Memorandum of Law incorporated herein.

1. On or about April 15, 2013, MHMH served plaintiff with the Discovery Requests. On or about June 13, 2013, plaintiff produced incomplete and evasive answers and responses to those Discovery Requests.

2. In response, undersigned counsel sent a letter, on or about June 24, 2013, to plaintiff's counsel. In that letter, undersigned counsel requested supplementation and/or clarification of certain incomplete or evasive answers and responses.

3. To date, MHMH has not received *any* response from plaintiff to this request for supplementation and/or clarification.

4. The only response MHMH has received to undersigned counsel's June 24 letter is a July 19, 2013 letter from plaintiff's counsel, which purports to clarify the plaintiff's responses and is apparently intended to function as a supplementation of the plaintiff's initial answers and responses, even though the letter was not signed by the plaintiff, as required by Federal Rule of Civil Procedure 33(b), and only further confuses the issues by directly contradicting prior admissions of the plaintiff made during her deposition and in her June 13 answers and responses.

5. Even if, *arguendo*, plaintiff's counsel's letter could serve as a clarification or supplementation of plaintiff's answers and responses to MHMH's Discovery Requests, the letter fails to provide complete and non-evasive answers or responses to a number of the issues raised in undersigned counsel's June 24 letter. *See* Fed. R. Civ. P. 37(a)(4). For example, among other issues, plaintiff's counsel's July 19 letter refuses, without basis, to produce:

- Information regarding medical and mental health care providers who have treated the plaintiff from 2007 to the present, including plaintiff's therapist, as requested by Interrogatories 2, 5, 9, and 12;

- Identifying information for the individuals whom the plaintiff has admitted were gathered at her residence on the day MHMH notified her that she would not be permitted to attend graduation and a description of their discussion(s), on that occasion, of the plaintiff's claimed ethical obligation, as a physician, to report unethical behavior or incompetence to appropriate authorities, as requested by Interrogatory 7; and

- Identifying information for the expert witness with whom the plaintiff has admitted discussing physicians' professional ethical standards and obligations and a description of these discussions, as requested by Interrogatory 11.

WHEREFORE, defendant respectfully requests that the Court:

A. Compel plaintiff to fully respond to MHMH's Discovery Requests no later than ten (10) days after the court order granting this motion;

B. Require plaintiff, as the party whose conduct necessitated this motion, and/or the plaintiff's attorney, who advised the conduct, to pay defendant's reasonable expenses incurred in making this motion, including attorney's fees; and

C. Grant such other and further relief as may be just.

Respectfully submitted,

MARY HITCHCOCK MEMORIAL HOSPITAL

By Its Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

DATED:  July 26, 2013            By:   /s/  Edward M. Kaplan, Esq.
                                       Edward M. Kaplan, Esq.
                                       William D. Pandolph, Esq.
                                       9 Capitol Street
                                       P.O. Box 1256
                                       Concord, NH 03302-1256
                                       (603)224-2341
                                       e-mail:  ekaplan@sulloway.com

## CERTIFICATE OF SERVICE

I hereby certify that this Motion to Compel was served on the following persons on this date and in the manner specified herein:  Electronically Served Through ECF:  Norman E. Watts, Esq.

DATED:  July 26, 2013            By:   /s/  Edward M. Kaplan, Esq.
                                       Edward M. Kaplan, Esq.