UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Thersia J. Knapik,<br>　　　　*Plaintiff*,<br><br>　　v.<br><br>Mary Hitchcock Memorial Hospital,<br>　　　　*Defendant*. | §<br>§<br>§<br>§　Civil Action No. 5:12-cv-00175-cr<br>§<br>§<br>§ |

### AFFIDAVIT OF EDWARD M. KAPLAN, ESQ.
### IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL

Edward M. Kaplan, Esq., being duly sworn, states:

1.　I am an attorney-at-law admitted to practice in the United States District Court for the District of Vermont and a member of the firm Sulloway & Hollis, P.L.L.C., attorneys for defendant Mary Hitchcock Memorial Hospital ("MHMH"). I am one of the attorneys responsible for the handling of this matter and I submit this Affidavit in support of MHMH's Motion to Compel.

2.　I hereby certify that counsel have conferred in good faith to resolve this dispute without court intervention.

3.　On or about April 15, 2013, my partner, William D. Pandolph, Esq., served the plaintiff with MHMH's First Set of Interrogatories Propounded to Plaintiff Thersia J. Knapik and Requests for Production of Documents (the "Discovery Requests"). Plaintiff's responses to the document requests and interrogatories were due within 30 days.

4.　On or about June 13, 2013, plaintiff produced incomplete and evasive responses to the Discovery Requests.

5. On or about June 24, 2013, I sent a letter to plaintiff's counsel, Norman Watts, Esq., requesting that certain of plaintiff's answers and responses be clarified and/or supplemented. My letter set forth in detail the issues identified in plaintiff's answers and responses and explained, in each instance, why clarification and/or supplementation was sought. I advised plaintiff's counsel that if I had not received supplements before July 12, 2013, I intended to file a motion to compel.

6. On or about July 19, 2013, plaintiff's counsel responded to my June 24 letter via a letter signed only by plaintiff's counsel. Certain statements made by plaintiff's counsel in the letter directly contradict prior statements by plaintiff during her deposition and in her June 13 answers and responses to MHMH's Discovery Requests. Even if plaintiff's counsel's letter—not signed by the plaintiff herself—could serve as a clarification or supplementation of plaintiff's answers and responses to MHMH's Discovery Requests, the letter fails to provide complete and non-evasive answers or responses to a number of the issues raised in my June 24 letter.

7. On or about July 23, 2013, during a court-imposed Early Neutral Evaluation, I informed plaintiff's counsel that I would presently be filing a motion to compel due to the insufficiency, to date, of plaintiff's answers and responses to MHMH's April 15, 2013 Discovery Requests.

8. To date, no response from plaintiff to my request for clarification and/or supplementation has been received.

9. Thus, the issue still unresolved is whether the plaintiff has sufficiently answered and responded to MHMH's April 15, 2013 Discovery Requests. The specific answers and responses still at issue are those set forth in MHMH's Motion to Compel:

-3-

- Information regarding medical and mental health care providers who have treated plaintiff from 2007 to the present, including plaintiff's therapist, as requested by Interrogatories 2, 5, 9, and 12;

- Identifying information for the individuals whom plaintiff has admitted were gathered at her residence on the day MHMH notified her that she would not be permitted to attend graduation and a description of their discussion(s), on that occasion, of plaintiff's claimed ethical obligation, as a physician, to report unethical behavior or incompetence to appropriate authorities, as requested by Interrogatory 7; and

- Identifying information for the expert witness with whom plaintiff has admitted discussing physicians' professional ethical standards and obligations and a description of these discussions, as requested by Interrogatory 11.

Pursuant to 28 U.S.C. Section 1746, I declare under the penalty of perjury that the foregoing is true and correct. Executed this 26th day of July 2013.

/s/ Edward M. Kaplan, Esq.
Edward M. Kaplan, Esq.