UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Thersia J. Knapik, § | |
|     *Plaintiff*, § | |
| § | |
|     v. § | Civil Action No. 5:12-cv-00175-cr |
| § | |
| Mary Hitchcock Memorial Hospital, § | |
|     *Defendant*. § | |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO COMPEL**

Defendant Mary Hitchcock Memorial Hospital ("MHMH") submits the following Memorandum of Law in support of its Motion to Compel.

**I.  INTRODUCTION**

This case arises out of the dismissal of the plaintiff Thersia J. Knapik from MHMH's General Surgery Residency Program (the "Program") as a result of behavior incompatible with the role of a physician and the Program's Code of Ethical Conduct.  Specifically, in May 2012, plaintiff anonymously mailed a copy of a February 11, 2011 letter concerning a fellow resident to the University of Kentucky (where the resident was to begin a surgical fellowship) and the Kentucky Board of Medical Licensure (where the resident had a pending medical license application).  Plaintiff claims she had an ethical duty to send the letter to both the University and the Board, and she has asserted claims of wrongful termination, breach of implied contract of employment, and breach of implied covenant of good faith and fair dealing against MHMH.

MHMH seeks an order from this Court compelling plaintiff to fully respond to MHMH's First Set of Interrogatories and Requests for Production of Documents (the "Discovery Requests").

## II. BACKGROUND FACTS

On or about April 15, 2013, MHMH served the plaintiff with the Discovery Requests in this matter. See Exhibit A. On or about June 13, 2013, plaintiff produced answers and responses to those Discovery Requests. See Exhibit B. On or about June 24, 2013, undersigned counsel sent a letter to plaintiff's counsel, Norman Watts, Esq., requesting that certain of plaintiff's answers and responses be clarified and/or supplemented so that a motion to compel could be avoided. See Exhibit C. The letter listed with specificity the answers and responses that MHMH viewed as incomplete or evasive and explained, in each instance, why clarification and/or supplementation was sought.

In response, plaintiff's counsel sent defendant's counsel a letter, on or about July 19, 2013, which purports to clarify plaintiff's responses and is apparently intended to function as a supplementation of plaintiff's initial answers and responses, even though the letter was signed only by plaintiff's attorney – not by plaintiff herself. See Exhibit D. Certain statements made by plaintiff's counsel in the letter directly contradict prior statements made by plaintiff during her deposition and in her June 13 answers and responses to MHMH's Discovery Requests. MHMH contends that the July 19 letter fails to cure the defects in plaintiff's June 13 answers and responses to MHMH's Discovery Requests and, accordingly, notified plaintiff's counsel on July 23, 2013 of its intent to file a motion to compel.

## III. LEGAL STANDARD

A party seeking discovery may move for an order compelling an answer, designation, production, or inspection in certain circumstances, including where the party from whom discovery is sought failed to answer an interrogatory submitted under Federal Rule of Civil

Law Offices of
Sulloway & Hollis, P.L.L.C.
Concord, N.H. 03302

{C1068598.1 }

Procedure 33. Fed. R. Civ. P. 37(a)(3)(b).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).

If a court grants such a motion to compel "or if the disclosure or requested discovery is provided after the motion was filed," after giving opportunity to be heard, "the court must... require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" so long as: (i) the movant attempted in good faith, prior to filing the motion, to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was not substantially justified; and (iii) no other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A); *see Mantell v. Chassman*, 2013 U.S. App. LEXIS 3717, *6 (2d Cir. N.Y. Feb. 20, 2013) (affirming sanctions imposed by district court for failure to timely respond to discovery requests).

Federal Rule of Civil Procedure 26(b) authorizes parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter," subject to limited exceptions. Fed. R. Civ. P. 26(b)(1).

 "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."  Fed. R. Civ. P. 33(a)(2).  "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).

Interrogatories directed to a natural person must be answered *and signed* "by the party to whom they are directed." Fed. R. Civ. P. 33(b)(1)(A), 33(b)(5); *see Cris v. Fareri*, 2011 U.S. Dist. LEXIS 143029, *2 (D. Conn. Dec. 13, 2011) ("Requiring a party to sign interrogatory

Law Offices of
Sulloway & Hollis, PLLC.
Concord, N.H. 03302

-3-

{C1068598.1 }

-4-

responses under oath serves the critical purpose of ensuring that the responding party attests to the truth of the responses.") (*quoting Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 211 (N.D. Ill. 2010) (concluding that an attorney's e-mail communication does not accomplish this "critical purpose" "even assuming, *arguendo*, that the attorney's statements provide information responsive to the interrogatory" and holding that "a party propounding interrogatories has a right to insist on full answers sworn under oath and signed by the responding party")); *Morin v. Nationwide Fed. Credit Union*, 229 F.R.D. 364, 369 (D. Conn. 2005) (holding that "[t]o the extent the plaintiffs' reply in their memorandum is an answer to [defendant Nationwide's] Interrogatory No. 1, such an answer is deficient in that it is not made under oath and is not signed by the person making it"); *see also Walls v. Paulson*, 250 F.R.D. 48, 52 (D.D.C. 2008) (imposing sanctions on plaintiff for failure to sign her initial and supplemental interrogatory responses).

## IV.   ANALYSIS

A number of plaintiff's June 13, 2013 answers and responses (*see* Exhibit B) to MHMH's Discovery Requests (*see* Exhibit A) were incomplete and evasive. *See* Exhibits C and D. Under Federal Rule of Civil Procedure 37(a)(4), evasive or incomplete disclosures, answers, or responses constitute a failure to disclose, answer, or respond. Accordingly, on June 24, 2013, undersigned counsel sent a letter to plaintiff's counsel detailing which answers and responses appeared to be either incomplete or evasive and explaining, in each instance, why clarification and/or supplementation was sought. *See* Exhibit C.

To date, MHMH has not received *any* response from plaintiff to this request for clarification and supplementation. The only response MHMH has received to undersigned counsel's June 24 letter is the July 19, 2013 letter from plaintiff's counsel. *See* Exhibit D.

Plaintiff's counsel's July 19 letter is not effective as a clarification or supplementation of plaintiff's June 13, 2013 answers and responses because it is not signed by the plaintiff, the party to whom the Discovery Requests were directed, as required by Federal Rule of Civil Procedure 33(b).  *See* Fed. R. Civ. P. 33(b)(1)(A), 33(b)(5); *Villareal*, 266 F.R.D. at 211 (holding that correspondence from a party's attorney, even if it provides information responsive to an interrogatory, cannot satisfy the propounding party's right to full answers sworn under oath and signed by the responding party).

Even if, *arguendo*, plaintiff's counsel's letter could serve as a clarification or supplementation of plaintiff's answers and responses to MHMH's Discovery Requests, the letter fails to provide complete and non-evasive answers or responses to a number of the issues raised in undersigned counsel's June 24 letter.  *See* Fed. R. Civ. P. 37(a)(4).

Thus, plaintiff continues, without basis, to refuse to completely and non-evasively answer MHMH's Discovery Requests concerning at least the following matters:

- **Information regarding medical and mental health care providers, as requested by Interrogatories 2, 5, 9, and 12 (*see* Exhibit D at p. 1).**

This information is clearly relevant to the case given that plaintiff testified, during her deposition, that her therapist was the one person with whom she had spoken about the letter before she sent it to the University and the Board (*see* Exhibit D at p. 1; Exhibit E (Excerpts from Plaintiff's Deposition) at 113:2 – 114:3, 147:14 – 150:13) and stated, in response to Interrogatory 9(A), that she "discussed the entire issue concerning [her] ethical obligations with [her] therapist" prior to May 8, 2012 (Exhibit B at Interrogatory Response 9(A)).

- **Identifying information for "the individuals gathered at [plaintiff's] residence on the day defendant notified [her] it was banning [her] from graduation" (Exhibit B at Interrogatory Response 7(A)) and a description of their discussions on that occasion, as requested by Interrogatory 7 (*see* Exhibit B at Interrogatory Response 7(A)).**

Plaintiff has admitted that she "discussed a physician's ethical obligations" with "the individuals gathered at [her] residence on the day defendant notified [her] it was banning [her] from graduation" (Exhibit B at Interrogatory Response 7(A)), but refuses to provide both identifying information for those individuals and a description of their discussions on that occasion in response to Interrogatory 7.  It is confusing that, in his July 19, 2013 letter, plaintiff's counsel contradicted this admission and insisted that plaintiff "had no consultations and/or discussions with the guests except to indicate that she had been un-invited to the graduation events."  Exhibit D at p. 1.

- **Identifying information for the expert witness with whom plaintiff has "discussed a physician's ethical obligations" (Exhibit B at Interrogatory Responses 7(A), 11(A)) and a description of their discussions, as requested by Interrogatory 11 (*see* Exhibit B, Interrogatory Response 11).**

Plaintiff has failed to fully respond to Interrogatory 11.  Plaintiff stated in Interrogatory Response 7(A) that, sometime after May 8, 2012, she had "discussed a physician's ethical obligations with… our expert witness" and in Interrogatory Response 11(A) that she had "discussed a physician's ethical obligations control over institutional policies with…our expert witness," but she has not provided either identifying information for that expert witness or a description of their discussions, as requested by Interrogatory 11.  However, in his July 19, 2013 letter, plaintiff's counsel stated that plaintiff "has had no discussions or consultation with [the testifying expert].  Plaintiff's thought in answering the interrogatory was that she might, in the future, have such a discussion but it has not occurred."  Exhibit D at p. 1

Due to plaintiff's continued failure to provide complete and non-evasive answers or responses to certain MHMH Discovery Requests, an order compelling plaintiff to fully respond to MHMH's Discovery Requests is proper.  See Fed. R. Civ. P. 37(a)(3)(b).

MHMH is also entitled to an order requiring plaintiff, her attorney, or both, pay MHMH's reasonable expenses incurred in making this motion, including attorney's fees. *See* Fed. R. Civ. P. 37(a)(5)(A). MHMH attempted in good faith, prior to filing its Motion to Compel, to obtain the disclosure or discovery without court action via undersigned counsel's June 24, 2013 letter requesting supplementation and clarification. *See* Fed. R. Civ. P. 37(a)(5)(A)(i). Furthermore, there is no justification – much less substantial justification – for plaintiff's evasive and incomplete answers and responses, particularly given undersigned counsel's unanswered June 24 request for supplementation and clarification. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii). Finally, no other circumstances make an award of expenses unjust in this matter. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii); *Mantell*, 2013 U.S. App. LEXIS 3717 at *6 (affirming sanctions imposed by district court for failure to timely respond to discovery requests); *see also Walls*, 250 F.R.D. at 52 (imposing sanctions on plaintiff for failure to sign her initial and supplemental interrogatory responses). Under such circumstances, Federal Rule of Civil Procedure 37(a)(5)(A) *requires* MHMH's reasonable expenses, including attorney's fees, be paid by the plaintiff and/or plaintiff's counsel.

## V.     CONCLUSION

Plaintiff has had ample time and opportunity to respond to MHMH's rather limited Discovery Requests, but – despite undersigned counsel's June 24 letter requesting clarification and/or supplementation, has failed to provide complete and non-evasive answers and responses to a number of the Discovery Requests. Plaintiff's counsel's July 19 letter not only fails to cure the defects in plaintiff's June 13 answers and responses, but creates new confusion by directly contradicting prior admissions by the plaintiff. Accordingly, the Motion to Compel should be

granted and plaintiff and/or plaintiff's attorney should be required to pay MHMH's reasonable expenses, including attorney's fees, incurred in making its Motion to Compel.

Respectfully submitted,

MARY HITCHCOCK MEMORIAL HOSPITAL

By Its Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

DATED:  July 26, 2013                By:   /s/  Edward M. Kaplan, Esq.
                                                  Edward M. Kaplan, Esq.
                                                  William D. Pandolph, Esq.
                                                  9 Capitol Street
                                                  P.O. Box 1256
                                                  Concord, NH 03302-1256
                                                  (603)224-2341
                                                  e-mail:  ekaplan@sulloway.com

## CERTIFICATE OF SERVICE

I hereby certify that this Memorandum of Law was served on the following persons on this date and in the manner specified herein:  Electronically Served Through ECF:  Norman E. Watts, Esq.

DATED:  July 26, 2013                By:   /s/ Edward M. Kaplan, Esq.
                                                  Edward M. Kaplan, Esq.