

**Sulloway & Hollis** P.L.L.C.
COUNSELORS AT LAW

REPLY TO: CAPITAL OFFICE
Fax number: (603) 223-2962
wpandolph@sulloway.com

Direct Dial: (603) 223-2862

April 15, 2013

FRANK J. SULLOWAY
(1883-1981)
FRANKLIN HOLLIS
(1904-1980)

SENIOR COUNSEL
CHARLES F. SHERIDAN, JR.
MARTIN L. GROSS
ROBERT M. LARSEN
FRED L. POTTER

MICHAEL M. LONERGAN
EDWARD M. KAPLAN
ERVIN D. GORDON
MICHAEL P. LEHMAN
MICHEL A. LAFOND
PETER F. IMSE
R. CARL ANDERSON
DOUGLAS R. CHAMBERLAIN
MARGARET H. NELSON
JAMES O. BARNEY
JAMES E. OWERS
ROBERT J. LANNEY
PETER A. MEYER
JOHN R. HARRINGTON
RONNA F. WISE
WILLIAM D. PANDOLPH
JEANINE L. POOLE
W. KIRK ABBOTT, JR.
ELISE H. SALEK
MARTIN P. HONIGBERG
SARAH S. MURDOUGH
PATRICK J. SHEEHAN
DEREK D. LICK
MELISSA M. HANLON
CHRISTOPHER J. PYLES
KEVIN M. O'SHEA
BETH G. CATENZA
JAY SURDUKOWSKI
NICOLE J. SCHULTZ-PRICE
KELLY L. OVITT-PUC
KATHERINE DEFOREST
MATTHEW J. SNYDER
HEATHER L. DEVINE
ROSEMARY B. GUILTINAN
EDWARD R. SISSON

ALL ATTORNEYS ADMITTED
IN NEW HAMPSHIRE

INDIVIDUAL ATTORNEYS
ADMITTED IN:
MAINE, VERMONT, FLORIDA
MASSACHUSETTS, NEW YORK,
AND OTHER STATES

Norman E. Watts, Esq.
Watts Law Firm, PC
19 Central Street
PO Box 270
Woodstock, VT 05091-0270

Re:   Knapik v. MHMH

Dear Norman:

Enclosed are hard copies of the discovery requests previously sent to you via email, including:

- Defendant Mary Hitchcock Memorial Hospital's First Set of Interrogatories Propounded to Plaintiff Thersia J. Knapik,
- Requests for Production of Documents Propounded by Defendant Mary Hitchcock Memorial Hospital to Plaintiff Thersia J. Knapik, and
- authorizations.

Would you please have your client read, answer and execute the interrogatories and requests for production of documents within thirty (30) days?  We will provide you with copies of all documents we obtain utilizing the authorizations signed by your client.

Please let me know if you would like me to send the discovery requests to you in an electronic format, to make the preparation of the responses more convenient.

Very truly yours,

William D. Pandolph

/jbb
Enc.

CAPITAL OFFICE
9 Capitol Street
P.O. Box 1256
Concord, NH 03302
Tel: 603-224-2341

PORTLAND OFFICE
477 Congress Street
5th Floor
Portland, ME 04101
Tel: 207-253-5141

GORHAM OFFICE
30 Exchange Street
P.O. Box 335
Gorham, NH 03581
Tel: 603-466-5946

*Celebrating More Than 150 Years of Service to Clients and Community*

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| Thersia J. Knapik, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 5:12-cv-00175-cr |
| | § | |
| Mary Hitchcock Memorial Hospital, | § | |
| *Defendant.* | § | |

---

## DEFENDANT MARY HITCHCOCK MEMORIAL HOSPITAL'S FIRST SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF THERSIA J. KNAPIK

---

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Mary Hitchcock Memorial Hospital ("MHMH") propounds the following Interrogatories to be answered separately and fully in writing, under oath, and within thirty (30) days by plaintiff Thersia J. Knapik:

### INSTRUCTIONS AND DEFINITIONS

1.       These interrogatories shall be deemed continuing in accordance with Fed. R. Civ. P. 26(e)(2).  If additional information responsive to them becomes available during the pendency of this action, such additional information must be supplied.

2.       Where knowledge, information, or identification of documents is requested, such request includes knowledge, information or documents in the actual or constructive possession of plaintiff, persons in her control, and/or her agents or representatives.

3.       Unless specifically indicated or otherwise required by the context in which the following terms and names are used:

A.       "And" and "or" shall be treated both conjunctively and disjunctively to construe these interrogatories in their broadest permissible form.

B.       "Document" or "documents" mean all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including but not limited to correspondence, memoranda, notes, e-mail messages, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries,

pamphlets, books, interoffice and intra-office communications, internet communications, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, computer printouts, teletypes, tealeaf, invoices, worksheets, all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or oral records or representations of any kind including but not limited to photographs, charts, graphs, microfiche, microfilm, videotapes, or recordings, any electronic, mechanical, or electrical records or representations of any kind including but not limited to tapes, cassettes, discs, recordings, CDs, and computer memories.

      C.     "Includes" or "including" should be read as "includes, but is not limited to . . . ."

      D.     "Related to" or "Relating to" means analyzing, citing, commenting upon, comprising, concerning, constituting, containing, depicting, describing, discussing, embodying, evaluating, evidencing, noting, pertaining to, recording, reflecting, referring to, reporting upon, representing, setting forth, stating, or summarizing the subject matter of these interrogatories.

      E.     "You" and "your" refer to the person or entity to whom these interrogatories are directed, and all employees, agents, attorneys, assigns, successors, predecessors, affiliates and subsidiaries of that person or entity.

      F.     "Communication" or "communications" mean all oral, visual, or other means of transmitting information, including, but not limited to, face-to-face conversations and telephonic and other electronic or mechanical means of transmitting information, messages, or statements.

      G.     "Identify" when used in reference to a document, means state: the date and title of the document; the author or person or persons who prepared it; the type of document (*i.e.*, letter, memorandum, telegram, chart, form, etc.); its present location and custodian; a summary of its principal purpose or provisions; the subject matter thereof; if a contract or agreement, the parties thereto; the dates of all modifications and amendments; and the date, if any, upon which it was terminated; if a form, the form names and number and the period during which it was in use. Identify all documents, whenever prepared, that relate or refer to the document that you are requested to identify. If the document was, but is no longer, in your possession, custody or control, state what disposition was made of it.

      H.     "Identify" when used in reference to an individual, means state: his or her full name and present address; his or her present or last known position and business affiliation; and his or her position and business affiliation during the time in question.

      I.     "Identify" when used in reference to a corporation, partnership, business concern, location, school, facility, institution or other entity means state: its full name and present business address.

      J.     "Identify" when used in reference to an act, transaction, or instance, means state: the date and time it occurred; the place where it occurred; the identity of each

person participating therein; on whose behalf such person participated or purported to participate; the nature and substance of all communications during, or in connection with it.

    K.    The term "person" means any natural person or business, legal or governmental entity or association.

    L.    The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

    M.    "Describe" or "Description" when used with respect to any meeting, discussion, or other occurrence, means provide a statement in chronological order setting forth each incident, including:

    1.    The dates, times, and places thereof;

    2.    What transpired;

    3.    The "identity" (as defined in these interrogatories) of each person who participated in, or was witness to, the incident; and

    4.    The role played by each person in the incident.

    4.    References to the singular include the plural, and references to the plural include the singular as needed to construe the interrogatories in their broadest permissible form.

    5.    The masculine form of a noun or pronoun includes the feminine form to construe these interrogatories in their broadest permissible form.

**NOTE:  These definitions and instructions are an integral part of these interrogatories, and you are called upon to incorporate fully in your answers each of the items of information set forth in the defined terms and instructions.**

## INTERROGATORIES

1.      Please state the following:

      A.      your full name, and all other names by which you have been known;

      B.      your date and place of birth;

      C.      your present address;

      D.      your marital status; and

      E.      all e-mail addresses you have used from January 1, 2011 to the present.

2.      Please provide the names and addresses of any and all physicians, psychiatrists, psychologists, therapists, and other medical or mental health providers who have treated you from 2007 to the present.

3.      Please provide the names and addresses of your closest friends from 2011 to the present and all persons you dated or were in a relationship with from 2011 to the present.

4.      With regard to the allegation contained in paragraph 37 of your Amended Complaint that, "Plaintiff was aware of her ethical obligation as a physician, to report unethical behavior or "incompetence that threatens patient care or welfare" to appropriate authorities" please state whether, at any time *prior to and including* May 8, 2012, you consulted and/or discussed said ethical obligation with any other person.

5.      If your answer to the preceding interrogatory is in the affirmative, please:

      A.      Identify by name, occupation, current address and telephone number, each and every person with whom you had each said consultation and/or discussion;

      B.      State the date of each said consultation and/or discussion;

    C.     Describe each said consultation and/or discussion in detail, indicating who said what to whom in the order in which it was said; and

    D.     Please identify and attach to your answers to these interrogatories all documents which you allege support your answer to this interrogatory or to which you referred in preparing your answer.

6.    With regard to the allegation contained in paragraph 37 of your Amended Complaint that, "Plaintiff was aware of her ethical obligation as a physician, to report unethical behavior or "incompetence that threatens patient care or welfare" to appropriate authorities" please state whether, at any time *since* May 8, 2012, you consulted and/or discussed said ethical obligation with any other person.

7.    If your answer to the preceding interrogatory is in the affirmative, please:

    A.     Identify by name, occupation, current address and telephone number, each and every person with whom you had each said consultation and/or discussion;

    B.     State the date of each said consultation and/or discussion;

    C.     Describe each said consultation and/or discussion in detail, indicating who said what to whom in the order in which it was said; and

    D.     Please identify and attach to your answers to these interrogatories all documents which you allege support your answer to this interrogatory or to which you referred in preparing your answer.

8.    With regard to the allegation contained in paragraph 52 of your Amended Complaint that, "Plaintiff was aware that physicians' professional ethical standards and obligations control over institutional policies and determined to adhere to the former by sending

the other resident's probation letter to the fellowship institution and the licensing state" please

state whether, at any time *prior to and including* May 8, 2012, you consulted and/or discussed

said physicians' professional ethical standards and obligations with any other person.

      9.     If your answer to the preceding interrogatory is in the affirmative, please:

          A.     Identify by name, occupation, current address and telephone number, each

~~and every person with whom you had each said consultation and/or~~

discussion;

          B.     State the date of each said consultation and/or discussion;

          C.     Describe each said consultation and/or discussion in detail, indicating who

said what to whom in the order in which it was said; and

          D.     Please identify and attach to your answers to these interrogatories all

documents which you allege support your answer to this interrogatory or

to which you referred in preparing your answer.

      10.     With regard to the allegation contained in paragraph 52 of your Amended

Complaint that, "Plaintiff was aware that physicians' professional ethical standards and

obligations control over institutional policies and determined to adhere to the former by sending

the other resident's probation letter to the fellowship institution and the licensing state" please

state whether, at any time *since* May 8, 2012, you consulted and/or discussed said physicians'

professional ethical standards and obligations with any other person.

      11.     If your answer to the preceding interrogatory is in the affirmative, please:

          A.     Identify by name, occupation, current address and telephone number, each

and every person with whom you had each said consultation and/or

discussion;

B.   State the date of each said consultation and/or discussion;

C.   Describe each said consultation and/or discussion in detail, indicating who said what to whom in the order in which it was said; and

D.   Please identify and attach to your answers to these interrogatories all documents which you allege support your answer to this interrogatory or to which you referred in preparing your answer.

12.   Please execute the attached authorizations for release of any and all records maintained by any person identified in your answer to Interrogatories 2 and 4 through 11 above.

13.   If you have ever been a party to a lawsuit (other than the present case), please state whether you were a plaintiff or a defendant, the nature of the claim made, the name of the other parties, the court in which the litigation was filed, and the outcome of the litigation.

14.   If you claim lost earnings or earning capacity as a result of defendant's actions, please specify the total lost wages claimed and the amount claimed for loss of earning capacity, including the basis upon which you make any such claim.

15.   Have you opened, used, or maintained a Facebook account since January 1, 2011? If so, please identify the user name and e-mail address for any Facebook account opened, used, or maintained by you from January 1, 2011 through the present.

16.   Have you opened, used, or maintained any other social or professional networking accounts (including, but not limited to, Google+, MySpace, Twitter, LinkedIn)?  If so, please identify the user name and e-mail address for all such accounts.

17.   Since 2007, have you ever accessed or logged into (or been accused of accessing or logging into) another person's e-mail or other electronic account (*e.g.*, Facebook; Match.com) without the person's authorization?  If yes, please describe the circumstances of such activity or

alleged activity, including specifying the name of the person whose account you accessed or

logged into (or were accused of accessing or logging into), when you accessed or logged into (or

were accused of accessing or logging into) the account, the nature of the information obtained,

and the reason for any such action.

Respectfully submitted,

MARY HITCHCOCK MEMORIAL HOSPITAL

By Its Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

DATED:  April 15, 2013                      By___/s/ William D. Pandolph, Esq._____
                                                            Edward M. Kaplan, Esq.
                                                            William D. Pandolph, Esq.
                                                            9 Capitol Street
                                                            P. O. Box 1256
                                                            Concord, NH  03301
                                                            (603) 224-2341

The foregoing answers to interrogatories are true and complete to the best of my knowledge.

Dated:_____          _____
                                                          Thersia J. Knapik


STATE OF _____
COUNTY OF _____

Personally appeared before me, on this _____ day of _____, 2013, the above-named, Thersia J. Knapik, and acknowledged, swore and affirmed, under oath, that the facts herein are true and accurate to the best of her knowledge and belief.


                                        _____
                                        Notary Public/Justice of the Peace

                                        My Commission Expires: _____

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| Thersia J. Knapik, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 5:12-cv-00175-cr |
| | § | |
| Mary Hitchcock Memorial Hospital, | § | |
| *Defendant.* | § | |

---

## REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY DEFENDANT MARY HITCHCOCK MEMORIAL HOSPITAL TO PLAINTIFF THERSIA J. KNAPIK

---

Defendant, Mary Hitchcock Memorial Hospital ("MHMH"), pursuant to Rule 34 of the

Federal Rules of Civil Procedure, propounds the following Requests for Production of

Documents to be answered separately and fully in writing, under oath, and within thirty (30)

days by the plaintiff, Thersia J. Knapik ("Knapik"):

### INSTRUCTIONS AND DEFINITIONS

1.     These document requests shall be deemed continuing.  If additional documents responsive to them become available during the pendency of this action, such additional documents must be supplied.

2.     These requests seek documents in your actual or constructive possession, in your control, or in the possession or control of your agents or representatives.  If a responsive document was, but is no longer, in your possession, custody or control, please identify the same and state what disposition was made of it.

3.     Unless specifically indicated or otherwise required by the context in which the following terms and names are used:

A.     "And" and "or" shall be treated both conjunctively and disjunctively to construe these requests in their broadest permissible form.

B.     "Document" or "documents" means any written, recorded, filmed or stored information, including, but not limited to, papers, books, letters, photographs, objects, tangible things, correspondence, memoranda, notes, notations, records, work papers, transcripts, minutes, reports, recordings of telephone or other conversations, affidavits, statement, summaries, opinions, proposals, studies, evaluations, contracts, agreements,

journals, statistical records, financial statements, tax returns, invoices, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, and all things similar to any of the foregoing however denominated. Different versions of the same document (*e.g.*, copies of a printed document with different handwritten notations and superseded drafts) are different documents within the meaning of the term as used herein.

      C.     "Includes" or "including" should be read as "includes, but is not limited to . . . ."

      D.     "Reflecting" or "Referring to" or "Related to" means analyzing, citing, commenting upon, comprising, concerning, constituting, containing, depicting, describing, discussing, embodying, evaluating, evidencing, noting, pertaining to, recording, reflecting, referring to, reporting upon, representing, setting forth, stating, or summarizing the subject matter of the request.

      E.     "You" and "your" refers to Thersia J. Knapik, and all of her agents, representatives, attorneys and employees.

      F.     "Communication" or "communications" mean all oral, visual, or other means of transmitting information, including, but not limited to, face-to-face conversations and telephonic and other electronic or mechanical means of transmitting information, messages, or statements.

      G.     "Concerning" means relating to, referring to, describing, evidencing, or constituting.

      H.     "Letter" refers to the letter referenced throughout your Amended Complaint as the "other resident's probation letter."

      I.     "Resident Doe" refers to person referenced throughout your Amended Complaint as "the other resident," whose Letter you forwarded.

    4.     References to the singular include the plural, and references to the plural include the singular as needed to construe the requests in their broadest permissible form.

    5.     If privilege is claimed with regard to any of the documents sought herein, please furnish the following information with regard to the claim:  (a) the precise nature of the privilege claimed; (b) the reasons for claiming the privilege; (c) identify each document by general title or description, date of creation or acquisition, author, and all recipients.

**NOTE: These definitions and instructions are an integral part of these requests, and you are called upon to incorporate fully in your answers each of the items of information set forth in the defined terms and instructions.**

## DOCUMENT REQUESTS

1.    Please produce any and all documents constituting or reflecting any communication between you and any former or current employee or resident of defendant, or any related entity, concerning:  (a) your claims in this action; (b) your residency; and/or (c) your dismissal from the residency program.

2.    Please produce any and all documents constituting or reflecting any communication between you and anyone concerning "Resident Doe".

3.    Please produce any and all documents constituting or reflecting any communication between you and "Resident Doe".

4.    Please produce any notes, diaries, calendars or other writings pertaining to any aspect of your claims in this action, your residency, and/or your dismissal from the residency program at Mary Hitchcock Memorial Hospital.

5.    Please produce all witness statements or affidavits that relate or could relate to any allegation in your Amended Complaint.

6.    Please produce any appointment books, planners, and/or calendars that you maintained that cover, in whole or in part, the period of January 1, 2012 to July 1, 2012.

7.    Please produce any and all documents upon which you rely to support the allegations in ¶ 24 of your Amended Complaint that,  "During plaintiff's fourth residency training year, another surgical resident gave plaintiff a letter that detailed the basis for the other resident's probation while in the surgery training program."

8.    Please produce any and all documents constituting or reflecting the manner in which you obtained the Letter.

9.      Please produce any and all documents upon which you rely to support the allegations in ¶ 32 of your Amended Complaint that, "Plaintiff urged the other resident to be honest with full disclosure and comply with the relevant professional ethical standards by admitting the other resident's probationary status and providing the probation letter on the other resident's applications for fellowship programs and state licensing authorities."

10.     Please produce any and all documents upon which you rely to support the allegations in ¶ 35 of your Amended Complaint that, "After considerable debate between the two residents, the other resident declined to admit the other resident's probation or to send the probation letter to the fellowship program or the state licensing authority."

11.     Please produce any and all documents upon which you rely to support the allegations in ¶ 37 of your Amended Complaint that, "Plaintiff was aware of her ethical obligation, as a physician, to report unethical behavior or incompetence "that threatens patient care or welfare" to appropriate authorities."

12.     Please produce any and all documents constituting or reflecting the manner in which you determined the "appropriate authorities" to whom to report the alleged perceived unethical behavior or incompetence.

13.     Please produce any and all documents upon which you rely to support the allegations in ¶ 40 of your Amended Complaint that, "Plaintiff reasoned that a lie under oath in the fellowship and licensing process may well lead to other misconduct as a practicing physician – a surgeon."

14.     Please produce any and all documents constituting or reflecting the manner in which you determined the identity of the "fellowship program" (referenced in ¶ 42 of your Amended Complaint) to whom to send the Letter.

15.     Please produce any and all documents constituting or reflecting all correspondence you forwarded to the "fellowship program" referenced in ¶ 42 of your Amended Complaint.

16.     Please produce any and all documents constituting or reflecting all correspondence you received from the "fellowship program" referenced in ¶ 42 of your Amended Complaint.

17.     Please produce any and all documents constituting or reflecting any and all other communications you had with the "fellowship program" referenced in ¶ 42 of your Amended Complaint.

18.     Please produce any and all documents constituting or reflecting the manner in which you determined the identity of the "state licensing authority" (referenced in ¶ 42 of your Amended Complaint) to whom to send the Letter.

19.     Please produce any and all documents constituting or reflecting all correspondence you forwarded to the "state licensing authority" referenced in ¶ 42 of your Amended Complaint.

20.     Please produce any and all documents constituting or reflecting all correspondence you received from the "state licensing authority" referenced in ¶ 42 of your Amended Complaint.

21.     Please produce any and all documents constituting or reflecting any and all other communications you had with the "state licensing authority" referenced in ¶ 42 of your Amended Complaint.

22.     Please produce any and all documents constituting or reflecting any and all other communications you had with any person or party (other than the "fellowship program" and

"state licensing authority" referenced above) regarding Resident Doe or the Letter, including but not limited to any other state licensing authority.

23.    Please produce any and all documents constituting or reflecting any communications you had with any person or party regarding your dismissal from the residency program, including, but not limited to, any fellowship program, any hospital, the American Board of Surgery, any other professional organization, and/or any state licensing authority.

24.    Please produce any and all documents constituting or reflecting any communication between you and any former or current employee of Mary Hitchcock Memorial Hospital seeking opinions concerning your ethical obligations relating to the Letter or Resident Doe.

25.    Please produce any and all documents constituting or reflecting any communication between you and any medical and or ethical professional seeking opinions concerning your ethical obligations relating to the Letter or Resident Doe.

26.    Please produce a copy of any and all applications for employment, fellowships, etc. which you have submitted to any potential employer since June of 2012.

27.    Please produce a copy of any and all applications for medical licensure you have submitted to the New Hampshire Board of Medicine.

28.    Please produce any and all federal, state, and/or local tax returns filed by you or on your behalf since 2007, including all forms (*e.g.*, W-2s, 1099s), schedules, and attachments; and your most recent Personal Earnings and Benefits Estimate Statement, as provided by the United States Social Security Administration.

29.    Please produce any and all documents that related to the damages you allegedly have incurred due to Mary Hitchcock Memorial Hospital's alleged actions.

30.    To the extent not produced in response to any prior document requests, please produce a copy of each and every document that you believe supports your claims in this action.

31.    To the extent not produced in response to any prior document request, please produce a copy of each and every document and any other item you intend to or may offer as an exhibit at the time of trial.

32.    For each Facebook account identified in response to defendant's interrogatories, please produce the "account data" for the period from January 1, 2011 through the present.  You can download and print your Facebook data by logging into your Facebook account, selecting "account settings" under the "account" tab (which is the downward facing arrow/triangle in the upper-right corner of your Facebook homepage), clicking the "download a copy of your Facebook date" link.  Facebook will then send you an e-mail when your archive is ready for download (this can take some time, depending on the size of your archive).  Follow the instructions in that e-mail to access the archive of your account data.

33.    Please produce a copy of the front and back of your current driver's license.

34.    Please produce any document that you reviewed to respond to defendant's interrogatories.

Respectfully submitted,

MARY HITCHCOCK MEMORIAL HOSPITAL

By Its Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

DATED:  April 16, 2013

By:   /s/ William D. Pandolph, Esq.
Edward M. Kaplan, Esq.
William D. Pandolph, Esq.
9 Capitol Street, P.O. Box 1256
Concord, NH 03302-1256
(603)224-2341
e-mail:  wpandolph@sulloway.com

30.    To the extent not produced in response to any prior document requests, please produce a copy of each and every document that you believe supports your claims in this action.

31.    To the extent not produced in response to any prior document request, please produce a copy of each and every document and any other item you intend to or may offer as an exhibit at the time of trial.

32.    For each Facebook account identified in response to defendant's interrogatories, please produce the "account data" for the period from January 1, 2011 through the present.  You can download and print your Facebook data by logging into your Facebook account, selecting "account settings" under the "account" tab (which is the downward facing arrow/triangle in the upper-right corner of your Facebook homepage), clicking the "download a copy of your Facebook date" link.  Facebook will then send you an e-mail when your archive is ready for download (this can take some time, depending on the size of your archive).  Follow the instructions in that e-mail to access the archive of your account data.

33.    Please produce a copy of the front and back of your current driver's license.

34.    Please produce any document that you reviewed to respond to defendant's interrogatories.

Respectfully submitted,

MARY HITCHCOCK MEMORIAL HOSPITAL

By Its Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

DATED:  April 15, 2013                    By:    /s/ William D. Pandolph, Esq.
                                          Edward M. Kaplan, Esq.
                                          William D. Pandolph, Esq.
                                          9 Capitol Street, P.O. Box 1256
                                          Concord, NH 03302-1256
                                          (603)224-2341
                                          e-mail:  wpandolph@sulloway.com