# WATTS LAW FIRM
### A Professional Corporation

Norman E. Watts, Esq.

Admitted to practice:
Vermont
Washington, D. C.

Stefan Ricci, Esq., Of Counsel
Jennifer Meagher, Law Clerk

Website: wattslawfirmpc.com

19 Central Street
PO Box 270
Woodstock VT 05091-0270

(802)457-1020 Telephone
(802) 432-1074 Fax

Email: wattslawfirmpc@gmail.com

June 13, 2013

*VIA EMAIL AND FIRST CLASS MAIL*

William Pandolph, Esq.
Edward M. Kaplan, Esq.
Sulloway & Hollis, PLLC
9 Capitol Street
PO Box 1256
Concord, NH 03302-1256

### RE: *Knapik v. MHMH*
### *Case No. 5:12-cv-175*

Dear Bill and Ed:

Enclosed, please find *Plaintiff's Responses to Defendant's First Set of Interrogatories, Plaintiff's Responses to Defendant's Requests for Production of Documents* and documents *Bates P577-P652.*

Documents *Bates P653-P802* are also enclosed and supplement plaintiff's initial disclosures and responses to requests to produce as follows:

- Job Search Documents Bates P653-P661 to supplement Response 26;
- Davis NH Board of Medicine Files, Bates P662-P684 to supplement initial disclosures;
- State of Vermont District Court File, Bates P685-P701 to supplement initial disclosures;
- Documents Submitted to American Board of Surgery, Bates P702-799 to supplement Responses 22 and 23; and
- Copy of plaintiff's current drivers license, Bates P800-P801 to supplement Response 33.

*Plaintiff's Revised Redaction Index* is also enclosed.

Thank you.

Sincerely,

Norman E. Watts

NEW:jm
Enclosures

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF VERMONT

THERSIA J. KNAPIK

       **PLAINTIFF**

       **v.**

MARY HITCHCOCK MEMORIAL
HOSPITAL

       **DEFENDANT**

CASE NO. <u>5:12-cv-175</u>

### *PLAINTIFF'S RESPONSES TO DEFENDANT'S*
### *FIRST SET OF INTERROGATORIES*

      Plaintiff responds to Defendant Mary Hitchcock Memorial Hospital's First Set of Interrogatories Propounded to Plaintiff Thersia J. Knapik as follows:

1.     Please state the following:

      A.     your full name, and all other names by which you have been known;

**Response:**   **Thersia Jeane Knapik, family called me Terrie.**

      B.     your date and place of birth;

**Response:**   **3/18/1967.  Moscow, Idaho.**

      C.     your present address;

**Response:**   **Temporary residence until lease of Vermont residence expires: Lebanon, New Hampshire.   I am also currently house sitting for a friend in Cary, North Carolina.**

      D.     your marital status; and

**Response:**   **Single.**

      E.     all e-mail addresses you have used from January 1, 2011 to the present.

**Response:**   **Dartmouth email account until 6/12; otherwise I use an email**

Watts Law Firm PC, PO Box 270, Woodstock, VT 05091
Tel: (802) 457-1020 Fax: (802) 432-1074 Email: wattslawfirmpc@gmail.com

Page 1 of 7

**account for communication with my attorney.**

2.      Please provide the names and addresses of any and all physicians, psychiatrists, psychologists, therapists, and other medical or mental health providers who have treated you from 2007 to the present.

**Response:  Objection by counsel.  In that plaintiff has not filed a emotional distress claim placing plaintiff's emotional status in question, the requested information is not reasonably calculated to lead to discovery of relevant information.**

3.      Please provide the names and addresses of your closest friends from 2011 to the present and all persons you dated or were in a relationship with from 2011 to the present.

**Response: Objection by counsel.  The request is not reasonably calculated to lead to discovery of relevant information.**

4.      With regard to the allegation contained in paragraph 37 of your Amended Complaint that, "Plaintiff was aware of her ethical obligation as a physician, to report unethical behavior or "incompetence that threatens patient care or welfare" to appropriate authorities" please state whether, at any time *prior to and including* May 8, 2012, you consulted and/or discussed said ethical obligation with any other person.

**Response: Yes.**

5.      If your answer to the preceding interrogatory is in the affirmative, please:

  A.      Identify by name, occupation, current address and telephone number, each and every person with whom you had each said consultation and/or discussion;

**Response: Objection by counsel.  The request is highly cumbersome and not reasonably calculated to lead to discovery of relevant or admissible information.  Without waiving, I discussed a physician's ethical obligations with my therapist.**

  B.      State the date of each said consultation and/or discussion;

**Response: Objection by counsel.  The request seeks information protected by patient-client confidentiality.**

  C.      Describe each said consultation and/or discussion in detail, indicating who said what to whom in the order in which it was said; and

**Response: Objection by counsel. The request seeks information protected by patient-client confidentiality.**

    D.    Please identify and attach to your answers to these interrogatories all documents which you allege support your answer to this interrogatory or to which you referred in preparing your answer.

**Response: Not applicable.**

6.    With regard to the allegation contained in paragraph 37 of your Amended Complaint that, "Plaintiff was aware of her ethical obligation as a physician, to report unethical behavior or "incompetence that threatens patient care or welfare" to appropriate authorities" please state whether, at any time *since* May 8, 2012, you consulted and/or discussed said ethical obligation with any other person.

**Response: Yes.**

7.    If your answer to the preceding interrogatory is in the affirmative, please:

    A.    Identify by name, occupation, current address and telephone number, each and every person with whom you had each said consultation and/or discussion;

**Response: Objection by counsel. The request is highly cumbersome and not reasonably calculated to lead to discovery of relevant or admissible information. In addition, the terms "consulted and/or discussed" are ambiguous and not defined. Without waiving, I discussed a physician's ethical obligations with counsel, our expert witness and the individuals gathered at my residence on the day defendant notified me it was banning me from graduation. I discussed with Richard B. Freeman, Jr., MD and Kerry Ryan during our June 6, 2012 meeting. I also explained the events of my termination, including the reason I reported Dr. Davis' unethical behavior in communications with Barbara Jalbert-Gerkens, American Board of Surgery, Richard K. Parrish, MD, Jackson Memorial Hospital, University of California, Irvine, the New Hampshire Board of Medicine and other prospective employers.**

    B.    State the date of each said consultation and/or discussion;

**Response: Please see previous response.**

    C.    Describe each said consultation and/or discussion in detail, indicating who said what to whom in the order in which it was said; and

**Response: Please see response 7A above.**

    D.    Please identify and attach to your answers to these interrogatories all

documents which you allege support your answer to this interrogatory or
to which you referred in preparing your answer.

**Response: Please see documents produced with initial disclosures.**

8.   With regard to the allegation contained in paragraph 52 of your Amended Complaint
     that, "Plaintiff was aware that physicians' professional ethical standards and
     obligations control over institutional policies and determined to adhere to the
     former by sending the other resident's probation letter to the fellowship institution
     and the licensing state" please state whether, at any time *prior to and including* May
     8, 2012, you consulted and/or discussed said physicians' professional ethical
     standards and obligations with any other person.

**Response: Yes.**

9.   If your answer to the preceding interrogatory is in the affirmative, please:

     A.     Identify by name, occupation, current address and telephone number, each
     and every person with whom you had each said consultation and/or discussion;

**Response:  Objection by counsel. The request is highly cumbersome and not
reasonably calculated to lead to discovery of relevant or admissible
information.  Without waiving, I discussed the entire issue concerning my
ethical obligations with my therapist.   I do not recall if we specifically
discussed the relationship between professional ethics and institutional
policies.**

     B.     State the date of each said consultation and/or discussion;

**Response:  Please see previous response.**

     C.     Describe each said consultation and/or discussion in detail, indicating who
     said what to whom in the order in which it was said; and

**Response:  Please see previous response.**

     D.     Please identify and attach to your answers to these interrogatories all
     documents which you allege support your answer to this interrogatory or to
     which you referred in preparing your answer.

**Response:  Not applicable.**

10.  With regard to the allegation contained in paragraph 52 of your Amended Complaint
     that, "Plaintiff was aware that physicians' professional ethical standards and
     obligations control over institutional policies and determined to adhere to the

former by sending the other resident's probation letter to the fellowship institution and the licensing state" please state whether, at any time *since* May 8, 2012, you consulted and/or discussed said physicians' professional ethical standards and obligations with any other person.

**Response: Yes.**

11.     If your answer to the preceding interrogatory is in the affirmative, please:

     A.     Identify by name, occupation, current address and telephone number, each and every person with whom you had each said consultation and/or discussion;

**Response: Objection by counsel.  The request is highly cumbersome and not reasonably calculated to lead to discovery of relevant or admissible information.  Without waiving, I discussed a physician's ethical obligations control over institutional policies with counsel and our expert witness.**

     B.     State the date of each said consultation and/or discussion;

**Response: Objection by counsel.  The request seeks information protected by attorney-client privilege.**

     C.     Describe each said consultation and/or discussion in detail, indicating who said what to whom in the order in which it was said; and

**Response: Objection by counsel.  The request seeks information protected by attorney-client privilege**.

     D.     Please identify and attach to your answers to these interrogatories all documents which you allege support your answer to this interrogatory or to which you referred in preparing your answer.

**Response: Please see previous response and documents previously produced with initial disclosures.**

12.     Please execute the attached authorizations for release of any and all records maintained by any person identified in your answer to Interrogatories 2 and 4 through 11 above.

**Response: Not applicable.**

13.     If you have ever been a party to a lawsuit (other than the present case), please state whether you were a plaintiff or a defendant, the nature of the claim made, the name of the other parties, the court in which the litigation was filed, and the outcome of the litigation.

**Response: No other lawsuits.**

14.     If you claim lost earnings or earning capacity as a result of defendant's actions, please specify the total lost wages claimed and the amount claimed for loss of earning capacity, including the basis upon which you make any such claim.

**Response: My damages expert will be producing a report soon and we will produce it to defendant.**

15.     Have you opened, used, or maintained a Facebook account since January 1, 2011? If so, please identify the user name and e-mail address for any Facebook account opened, used, or maintained by you from January 1, 2011 through the present.

**Response:  Objection by counsel: Responding to the interrogatory is unduly burdensome under FRCP 26(b)(2)(B).  Plaintiff is not required to provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost.  The requested information is not reasonably accessible because of undue burden or cost.**

16.     Have you opened, used, or maintained any other social or professional networking accounts (including, but not limited to, Google+, MySpace, Twitter, LinkedIn)? If so, please identify the user name and e-mail address for all such accounts.

**Response:  Objection by counsel: Responding to the interrogatory is unduly burdensome under FRCP 26(b)(2)(B).  Plaintiff is not required to provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost.  The requested information is not reasonably accessible because of undue burden or cost.**

17.     Since 2007, have you ever accessed or logged into (or been accused of accessing or logging into) another person's e-mail or other electronic account (e.g., Facebook; Match.com) without the person's authorization?  If yes, please describe the circumstances of such activity or alleged activity, including specifying the name of the person whose account you accessed or logged into (or were accused of accessing or logging into), when you accessed or logged into (or were accused of accessing or logging into) the account, the nature of the information obtained, and the reason for any such action.

**Response: No.**

**[SIGNATURES AND NOTARY ACKNOWLEDGMENT NEXT PAGE]**

DATED: 6/10/13 .

THERSIA J. KNAPIK, MD
PLAINTIFF

STATE of North Carolina
COUNTY of Wake

    **Personally appeared before me, on this** 10 **day of** June **, 2013, the above-named Thersia J. Knapik, and acknowledged, swore and affirmed, under oath, that the facts herein are true to the best of her knowledge and belief.**

MARK BABYAK
Notary Public, North Carolina
Wake County
My Commission Expires
March 27, 2017

Notary Public

**My Commission Expires:** March 27, 2017

As to Objections:

DATED: 6/13/13 .

Norman E. Watts, Esq.
Attorney for Plaintiff

Watts Law Firm PC, PO Box 270, Woodstock, VT 05091
Tel: (802) 457-1020 Fax: (802) 432-1074 Email: wattslawfirmpc@gmail.com

Page 7 of 7

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

THERSIA J. KNAPIK

        **PLAINTIFF**

        **v.**

**MARY HITCHCOCK MEMORIAL
HOSPITAL**

        **DEFENDANT**

CASE NO. 5:12-cv-175

### *PLAINTIFF'S RESPONSES TO DEFENDANT'S*
### *REQUESTS FOR PRODUCTION OF DOCUMENTS*

Plaintiff responds to Requests for Production of Documents Propounded by Defendant Mary Hitchcock Memorial Hospital to Plaintiff Thersia J. Knapik as follows:

1.  Please produce any and all documents constituting or reflecting any communication between you and any former or current employee or resident of defendant, or any related entity, concerning: (a) your claims in this action; (b) your residency; and/or (c) your dismissal from the residency program.

**Response 1.  Objection by counsel.  The request is overly broad, unduly burdensome and seeks documents which are protected as work product.  Without waiving, I have already produced any/all documents in my possession, custody or control other than those prepared in anticipation of litigation.  Please see documents previously produced as Bates P7-P227, P243, P272, P295, P326-P358, P438, P470 and P504-P507.**

2.  Please produce any and all documents constituting or reflecting any communication between you and anyone concerning "Resident Doe."

**Response 2.  Objection by counsel.  The request is overly broad, unduly burdensome and seeks documents which are protected as attorney work product.  Without waiving, I have already produced any/all documents in my possession, custody or control other than those prepared in anticipation of litigation. Please see documents previously produced as Bates P230-P243, P246-P251, P258-P274, P282-P297, P456-P458, P466-P567. Otherwise, none.**

3.  Please produce any and all documents constituting or reflecting any communication

between you and "Resident Doe."

**Response 3.        Objection by counsel.  The request overly broad, unduly burdensome.  Without waiving, none.**

4.      Please produce any notes, diaries, calendars or other writings pertaining to any aspect of your claims in this action, your residency, and/or your dismissal from the residency program at Mary Hitchcock Memorial Hospital.

**Response 4.        Objection by counsel.  The request is overly broad, unduly burdensome and seeks documents which are protected as work product.**

5.      Please produce all witness statements or affidavits that relate or could relate to any allegation in your Amended Complaint.

**Response 5.        Objection by counsel to the extend this request seeks documents which are protected as work product.  Without waiving objection, see Bates P651-P652 attached, subject to supplementation.**

6.      Please produce any appointment books, planners, and/or calendars you maintained that cover, in whole or in part, the period of January 1, 2012 to July 1, 2012.

**Response 6.        None.**

7.      Please produce any and all documents upon which you rely to support the allegations in ¶ 24 of your Amended Complaint that, "During plaintiff's fourth residency training year, another surgical resident gave plaintiff a letter that detailed the basis for the other resident's probation while in the surgery training program."

**Response 7.        I have already produced any/all documents responsive to this request currently in my possession, custody or control.  Please see documents previously produced as P234-P235, P249-P250, P261-P262, P286-P287, P457-P458, P466-P468 and P485-P486.   Defendant is the keeper of responsive documents, specifically, email correspondence between Dr. Davis and plaintiff during the fourth residency year.**

8.      Please produce any and all documents constituting or reflecting the manner in which you obtained the Letter.

**Response 8.        I have already produced any/all documents currently in my possession, custody or control.  Please refer to documents identified in Response 7 above.  Defendant is the keeper of responsive documents, specifically, email correspondence between Dr. Davis and plaintiff during the fourth residency year.**

9.      Please produce any and all documents upon which you rely to support the allegations in ¶ 32 of your Amended Complaint that, "Plaintiff urged the other resident to be honest with full disclosure and comply with the relevant professional ethical standards by admitting the other resident's probationary status and providing the probation letter on the other resident's applications for fellowship programs and state licensing authorities."

**Response 9.       I have already produced any/all documents currently in my possession, custody or control.   Please refer to documents previously produced as Bates P230-P231, P234-P235, P247-P250, P258-P259, P261-P262, P282-P283, P286-P287, P457-P458, P466-P468, P485-P486 and P488-P489.**

10.     Please produce any and all documents upon which you rely to support the allegations in ¶ 35 of your Amended Complaint that, "After considerable debate between the two residents, the other resident declined to admit the other resident's probation or to send the probation letter to the fellowship program or the state licensing authority."

**Response 10.      I have already produced any/all documents currently in my possession, custody or control.  Please see documents previously produced as Bates P234-P235, P261-P262, P286-P287, P457-P458 and P485-P486.**

11.     Please produce any and all documents upon which you rely to support the allegations in ¶ 37 of your Amended Complaint that, "Plaintiff was aware of her ethical obligation, as a physician, to report unethical behavior or incompetence "[sic] that threatens patient care or welfare"[sic] to appropriate authorities."

**Response 11.       I have already produced any/all documents within my possession, custody or control.   Please refer to documents previously produced as Bates P230-P231, P234-P237, P244-P245, P247-P248, P258-P259, P261-P262, P265-P266, P273-P274, P282-P283, P286-P289, P296-P297, P367-P370, P457-P458, P466-P468, P475-P476, P485-P486 and P488-P489.**

12.     Please produce any and all documents constituting or reflecting the manner in which you determined the "appropriate authorities" to whom to report the alleged perceived unethical behavior or incompetence.

**Response 12.      None.**

13.     Please produce any and all documents upon which you rely to support the allegations in ¶ 40 of your Amended Complaint that, "Plaintiff reasoned that a lie under oath in the fellowship and licensing process may well lead to other misconduct as a practicing physician - a surgeon."

**Response 13.      None.**

Page 3 of 7

14.     Please produce any and all documents constituting or reflecting the manner in which you determined the identity of the "fellowship program" (referenced in ¶ 42 of your Amended Complaint) to who to send the Letter.

**Response 14.       None.**

15.     Please produce any and all documents constituting or reflecting all correspondence you forwarded to the "fellowship program" referenced in ¶ 42 of your Amended Complaint.

**Response 15.       None other than the 2/11/11 Finlayson letter which I have produced previously as Bates P232-P233, P263-P264, P284-P285 and P472-P473.**

16.     Please produce any and all documents constituting or reflecting all correspondence you received from the "fellowship program" referenced in your ¶ 42 of your Amended Complaint.

**Response 16.       None.**

17.     Please produce any and all documents constituting or reflecting any and all other communications you had with the "fellowship program" referenced in ¶ 42 of your Amended Complaint.

**Response 17.       None.**

18.     Please produce any and all documents constituting or reflecting the manner in which you determined the identify of the "state licensing authority" (referenced in ¶ 42 of your Amended Complaint to whom you sent the letter.

**Response 18.       None.**

19.     Please produce any and all documents constituting or reflecting all correspondence you forwarded to the "state licensing authority" referenced in ¶ 42 of your Amended Complaint.

**Response 19.       None other than the 2/11/11 Finlayson letter which I have previously produced as Bates P232-P233, P263-P264, P284-P285 and P472.**

20.     Please produce any and all documents constituting or reflecting all correspondence you received from the "state licensing authority" referenced in ¶ 42 of your Amended Complaint.

**Response 20.       None other than documents previously produced as Bates P508-P567.**

Page 4 of 7

21.     Please produce any and all documents constituting or reflecting any and all other communications you had with the "state licensing authority" referenced in ¶ 42 of your Amended Complaint.

**Response 21.     Objection by counsel.  The request seeks documents which are protected as work product.**

22.     Please produce any and all documents constituting or reflecting any and all other communications you had with any other person or party (other than the "fellowship program" and "state licensing authority" referenced above) regarding Resident Doe or the Letter, including but not limited to any other state licensing authority.

**Response 22.     I have already produced any/all documents currently in my possession, custody or control.   Please refer to documents previously produced as Bates P230-P252, P258-P275, P282-P298, P456-P458, P466-P503 and P651-P652.**

23.     Please produce any and all documents constituting or reflecting any communications you had with any person or party regarding your dismissal from the residency program, including, but not limited to, any fellowship program, any hospital, the American Board of Surgery, any other professional organization, and/or any state licensing authority.

**Response 23.     I have already produced any/all documents currently in my possession, custody or control.   Please refer to documents identified in response 22 above. Subject to supplementation.**

24.     Please produce any and all documents constituting or reflecting any communication between you and any former or current employee of Mary Hitchcock Memorial Hospital seeking opinions concerning your ethical obligations relating to the Letter or Resident Doe.

**Response 24.     To the best of my knowledge, none.**

25.     Please produce any and all documents constituting or reflecting any communication between you and any medical and or ethical professional seeking opinions concerning your ethical obligations relating to the Letter or Resident Doe.

**Response 25.     None.**

26.     Please produce a copy of any and all applications for employment, fellowships, etc. which you have submitted to any potential employer since June of 2012.

**Response 26.     Objection by counsel.  The request seeks documents which are not within my possession, custody or control. Please refer to documents**

**previously produced as Bates P282-P325 and those attached as Bates P577-P578 and Bates P645-P650.**

27.   Please produce a copy of any and all applications for medical licensure you have submitted to the New Hampshire Board of Medicine.

**Response 27.      Objection by counsel.  The request seeks documents which are not within my possession, custody or control.**

28.   Please produce any and all federal, state, and/or local tax returns filed by you or on your behalf since 2007, including all forms (*e.g.*, W-2s, 1099s), schedules, and attachments; and your most recent Personal Earnings and Benefits Estimate Statement, as provided by the United States Social Security Administration.

**Response 28.      Objection by counsel.   The request is overly broad and unduly burdensome and seeks, in part, documents which are already within defendant's custody and control.  Without waiving the objection, defendant already produced copies of my 2007-2012 W-2's. I previously produced a copy of my 2011 W-2, Bates P405.  Copies of my federal and state tax returns 2009-2011 are attached, Bates P579-P638.  Copies of my 2012 tax returns will be produced under separate cover.  I no longer has a copy of my most recent "Personal Earnings and Benefits Estimate Statement" as provided by the United States Social Security Administration.**

29.   Please produce any and all documents that related to the damages you allegedly have incurred due to Mary Hitchcock Memorial Hospital's alleged actions.

**Response 29.    Please see documents previously produced with plaintiff's initial disclosures, attached at Response 28 above, and documents attached as Bates P639-P644.  To be supplemented.**

30.   To the extent not produced in response to any prior document requests, please produce a copy of each and every document that you believe supports your claims in this action.

**Response 30.      None.**

31.   To the extent not produced in response to any prior document request, please produce a copy of each and every document and any other item you intend to or may offer as an exhibit at the time of trial.

**Response 31.      Plaintiff will produce such evidence in accordance with the Federal Rules of Civil Procedure and Local Rules.**

32.   For each Facebook account identified in response to defendant's interrogatories,

please produce the "account data" for the period from January 1, 2011 through the present.  You can download and print your Facebook data by logging into your Facebook account, selecting "account settings" under the "account" tab (which is the downward facing arrow/triangle in the upper-right hand corner of your Facebook homepage), clicking the "download a copy of your Facebook date[sic]" link. Facebook will then send you an e-mail when your archive is ready for download (this can take some time, depending upon the size of your archive).  Follow the instructions in that e-mail to access the archive of your account data."

**Response 32.**     **None.**

33.    Please produce a copy of the front and back of your current driver's license.

**Response 33.      To be produced under separate cover.**

34.    Please produce any document that you reviewed to respond to defendant's interrogatories.

**Response 34.      Objection by counsel: Responding to the request is unduly burdensome under F.R.C.P. 26(b)(2)(B). Plaintiff is not required to provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. Otherwise, I have already produced all the documents in my possession, custody or control.**

DATED: __10/10/13__ .

THERSIA J. KNAPIK, MD
PLAINTIFF

STATE of __North Carolina__
COUNTY of __wake__

Personally appeared before me, on this __10__ day of __June__ , 2013, the above-named Thersia J. Knapik, and acknowledged, swore and affirmed, under oath, that the facts herein are true to the best of her knowledge and belief.

> MARK BABYAK
> Notary Public, North Carolina
> Wake County
> My Commission Expires
> March 27, 2017

Notary Public

My Commission Expires: __March 27, 2017__

As to Objections:

DATED: __6/13/13__ .

Norman E. Watts, Esq.
Attorney for Plaintiff

Page 7 of  7