

REPLY TO: CAPITAL OFFICE
Fax number:(603) 224-2557
ekaplan@sulloway.com

June 24, 2013

FRANK J. SULLOWAY
(1883-1981)
FRANKLIN HOLLIS
(1904-1980)

SENIOR COUNSEL
MARTIN L. GROSS
MICHAEL M. LONERGAN
FRED L. POTTER

EDWARD M. KAPLAN
IRVIN D. GORDON
MICHAEL P. LEHMAN
MICHEL A. LAFOND
PETER F. IMSE
R. CARL ANDERSON
DOUGLAS R. CHAMBERLAIN
MARGARET H. NELSON
JAMES O. BARNEY
JAMES E. OWERS
ROBERT J. LANNEY
PETER A. MEYER
JOHN R. HARRINGTON
RONNA F. WISE
WILLIAM D. PANDOLPH
JEANINE L. POOLE
W. KIRK ABBOTT, JR.
ELISE H. SALEK
MARTIN P. HONIGBERG
SARAH S. MURDOUGH
PATRICK J. SHEEHAN
DEREK D. LICK
MELISSA M. HANLON
CHRISTOPHER J. PYLES
KEVIN M. O'SHEA
JEANNE S. SAFFAN
BETH G. CATENZA
JAY SURDUKOWSKI
NICOLE J. SCHULTZ-PRICE
KELLY L. OVITT-PUC
KATHERINE DEFOREST
MATTHEW J. SNYDER
HEATHER L. DEVINE
ROSEMARY B. GUILTINAN
EDWARD R. SISSON

ALL ATTORNEYS ADMITTED
IN NEW HAMPSHIRE

INDIVIDUAL ATTORNEYS
ADMITTED IN:
MAINE, VERMONT, FLORIDA
MASSACHUSETTS, NEW YORK,
AND OTHER STATES

Norman Watts, Esq.
Watts Law Firm, PC
19 Central Street
PO Box 270
Woodstock, VT 05091-0270

    Re:    <u>Knapik v. MHMH</u>

Dear Norm:

    We have reviewed plaintiff's answers to interrogatories and responses to requests for production of documents. Before filing a Motion to Compel, I would like to take the opportunity to ask you to clarify, and/or supplement some of plaintiff's responses.

    In response to Interrogatory No. 1(E), plaintiff failed to identify the email addresses she has used from January 1, 2011 to the present. As you now, Dr. Doe denies that she forwarded the 2/11/11 letter to Dr. Knapik. Therefore, one of the central factual disputes in this matter is how the February 11, 2011 letter was transferred from Dr. Doe's possession to plaintiff's possession. Interrogatory No. 1, which requests plaintiff's email addresses during the relevant time period, is relevant and material to the subject matter of this litigation. Please ask plaintiff to supplement her response to provide the actual email addresses of all email accounts she has utilized since January 1, 2011 (other than her Thersia.J.Knapik@hitchcock.org address). Please also advise if these accounts have been preserved.

    In response to Interrogatory No. 2, Plaintiff objected to providing information regarding medical and mental health care providers, stating, "Objection by counsel. In that plaintiff has not filed a (sic) emotional distress claim placing plaintiff's emotional status in question, the requested information is not reasonably calculated to lead to the discovery or relevant information." However, Plaintiff's complaint alleges that she has suffered "personal, professional and career losses", and is asking for multi-million dollars in damages to compensate for earnings, career losses and "other injuries." Additionally, during her residency, she was referred to Sonal Kumar for

June 24, 2013
Page 2

assistance with problems she was experiencing regarding communications and interpersonal issues. Furthermore, later in her answers to interrogatories, plaintiff admits that she discussed an issue at the very core of this litigation with her therapist prior to her mailing the Doe letter. I ask that plaintiff supplement her answer and provide the requested information, and that she execute authorizations for the providers identified in this interrogatory, as requested in Interrogatory No. 12.

I also ask you to reconsider plaintiff's response to Interrogatories 5 and 9. I disagree that providing contact information regarding the *single* person with whom plaintiff claims she discussed her ethical obligations prior to May 8, 2012 could be considered "highly cumbersome and not reasonably calculated to lead to the discovery of relevant or admissible information." Furthermore, I disagree that the *date* of each such consultation or discussion is protected by patient-client confidentiality. Additionally, plaintiff has asserted in her complaint that she was aware that "physicians' professional and ethical standards and obligations control over institutional policies." To the extent that plaintiff relied on whatever consultation or discussion occurred prior to May 8, 2012 regarding either her ethical obligations and/or the relationship between professional ethics and institutional policies, that information is relevant and material to the subject matter of this litigation, regardless the source of the consultation. Please advise whether plaintiff will voluntarily agree to provide the information requested.

Please supplement plaintiff's answer to Interrogatory 7(A) and 7(C) by providing the requested identifying information for each of the "individuals gathered at [plaintiff's] residence on the day defendant notified [plaintiff] that it was banning [plaintiff] from graduation" and describe each said consultation and/or discussion with those individuals in detail, indicating who said what to whom in the order in which it was said.

Plaintiff objected to Interrogatory No. 11, which sought information regarding consultations plaintiff had, after May 8, 2012, with persons regarding her awareness of physicians' professional ethical standards and obligations control over institutional policies. Plaintiff's answer identifies discussion with counsel and with "our expert witness." I do not agree that the attorney-client privilege applies to discussions that plaintiff may have had regarding this relevant subject matter with the expert witness. I would appreciate if you would re-evaluate plaintiff's objection to the interrogatories regarding her discussions with the expert witness(es).

Please reconsider plaintiff's objections to Interrogatory Nos. 15 and 16, which state that "Plaintiff is not required to provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. The requested information is not reasonably

June 24, 2013
Page 3

accessible because of undue burden or cost." However, Interrogatory No. 15 merely asks whether plaintiff opened, used or maintained a Facebook account since January 1, 2011, and if so, to provide the user name and email address of each such account. No. 16 poses a similar question regarding other social media accounts. Neither interrogatory requests discovery of electronically stored information. These interrogatories are reasonably calculated to lead to the discovery of admissible evidence and are not unduly burdensome. Please let me know if plaintiff will voluntarily supplement these answers.

I also have questions about plaintiff's responses to defendant's request for production of documents. Without a privilege log, it is impossible to determine if the privilege claims throughout the responses are appropriate. For instance, in response to Requests No. 1 and 2, plaintiff asserted work-product, prepared in anticipation of litigation privilege claim; however, the requests are directed to communications plaintiff herself (not her counsel) had with current or former employees and others concerning communications she exchanged regarding Resident Doe . Would you please reconsider the response, and provide a privilege log sufficiently identifying those materials which you allege are privileged?

Plaintiff's objection to Request No. 4 contends that the request (seeking notes, diaries, calendars, etc. regarding plaintiff's claim, her residency and/or her dismissal from the residency program) is overly broad, unduly burdensome and seeks documents which are protected as work product. However, as no privilege log was included, it's impossible to tell whether the claim of privilege is accurate. To the extent any such requested documents exist, and were created before counsel was retained in this matter, defendant's position is that those documents are not privileged and should be produced. If you disagree, plaintiff should submit an appropriate privilege log supporting the claim of privilege. Similarly, in response to Request No. 5 (seeking witness statements or affidavits), a work product privilege was asserted without a privilege log. Please supplement plaintiff's response.

Plaintiff's response to Request No. 21 (seeking communications plaintiff had with the state licensing authority referenced in ¶ 42 of her amended complaint) again includes an objection by counsel, asserting a work product privilege. As no privilege log was produced, it is impossible to determine if the documents withheld as protected are communications which came from plaintiff or plaintiff's counsel. Please supplement plaintiff's response and/or provide a privilege log.

I would appreciate if you would clarify plaintiff's response to Request No. 26 (seeking applications for employment, fellowships, etc. which plaintiff submitted to any potential employer since June of 2012. Plaintiff claims that the documents are not within her possession, custody or control. Does this mean that there are documents

June 24, 2013
Page 4

which have been submitted, but plaintiff did not maintain copies? Or are there no documents which she submitted?

    Please let me know whether plaintiff agrees to supplement these answers to interrogatories and responses to requests for production of documents. If I have not received your supplements before July 12th, I intend to file a motion to compel.

    If you would like to discuss this matter, please do not hesitate to contact me.

Very truly yours,

*Ed Kaplan*

Edward M. Kaplan

/jbb