**WATTS LAW FIRM**
A Professional Corporation

Norman E. Watts, Esq.                                    19 Central Street
                                                          PO Box 270
Admitted to practice:                                     Woodstock VT 05091-0270
Vermont
Washington, D. C.                                         (802)457-1020 Telephone
                                                          (802) 432-1074 Fax
Stefan Ricci, Esq., Of Counsel
Jennifer Meagher, Law Clerk                               Email: wattslawfirmpc@gmail.com

Website: wattslawfirmpc.com

July 19, 2013

**_VIA EMAIL_**

Edward M. Kaplan, Esq.
Sulloway & Hollis, PLLC
9 Capitol Street
PO Box 1256
Concord, NH 03302-1256

**_RE: Knapik v. MHMH_**
**_Case No. 5:12-cv-175_**

Dear Ed:

  This responds to your letter of June 24, 2013 requesting that the plaintiff reconsider her responses to defendant's discovery requests dated 4/15/13.

  Regarding our responses to interrogatories 2, 5, 9 & 12, we are not producing information concerning plaintiff's therapy consultations – for the reasons stated in our responses. In response to your specific argument concerning plaintiff's reliance on the therapy consultations or discussions, occurring prior to 5/8/12, I will add that plaintiff did not rely on them "regarding either her ethical obligations and/or the relationship between professional ethics and institutional policies." Hence, there is no reason to produce any information pursuant to the request.

  You requested supplementation to plaintiff's response to interrogatories 7(A) & 7(C)regarding a social event at plaintiff's residence, including individual identifying information for the guests with whom she had consultations and/or discussions. Plaintiff had no consultations and/or discussions with the guests except to indicate that she had been un-invited to the graduation events.

  You requested that we re-evaluate our response to interrogatory 11. The indication in the response is inaccurate insofar as it implies that plaintiff discussed ethical issues with our disclosed and testifying expert, Dr. Ira Mintzer. She has had no discussions or consultations with Dr. Mintzer. Plaintiff's thought in answering the interrogatory was that she might, in the future, have such a discussion but it has not occurred.

  Regarding your inquiry concerning plaintiff's response to interrogatory 15 and 16,

at some point in the past, plaintiff had a Facebook account but does not recall the caption, title or user name. She has not engaged in electronic interactions on "other social media accounts."

You inquired about plaintiff's responses to defendant's document requests. Concerning requests 1 & 2, plaintiff has no such documents except those between counsel and herself.

Request 4 is for "notes, diaries, calendars, and other writings" pertaining to the claims. Plaintiff has no such items except those that have been produced or to be identified in plaintiff's privilege log.

Request 5 is for "witness statements or affidavits" pertaining to plaintiff's claims. We have already produced the only item that satisfies this request, the affidavit of Terasa Prock, MD.

Concerning request 21, the only communication plaintiff had with any "state licensing authority" was to transmit the Finlayson letter to the Kentucky medical licensing authority. There are no documents that satisfy this request.

Your inquiry concerning request 26 seeks a clarification. Plaintiff submitted applications and documents to the New Hampshire Board of Medicine, the University of California (Irvine) School of Medical and the American Board of Surgery. All of the documents have been produced to defendant.

With regard to your inquiry concerning interrogatory 1(E), we are not aware of any expressions or testimony from Dr. Davis that disputes Dr. Knapik's testimony. Dr. Davis refuses to respond to our subpoena for her testimony. Therefore, there is no current record information available that establishes that there is a dispute on the point. Hence, the relevance of an outside email is questionable. Nevertheless, be advised that Dr. Knapik is uncertain about a prior email account. If there was one, she is uncertain about its title, caption and username. But, she continues to search for related information. I anticipate a complete response as soon as I return from vacation - on 8/6/13. If our research concludes prior to that time, we will forward the information to you.

Sincerely,

/s/Norman E. Watts

Norman E. Watts

NEW:jm