## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF VERMONT

| | |
|---|---|
| **THERSIA J. KNAPIK** | |
| **PLAINTIFF** | **CASE NO. 5:12-cv-175** |
| v. | |
| **MARY HITCHCOCK MEMORIAL HOSPITAL** | |
| **DEFENDANT** | |

### *AFFIDAVIT OF NORMAN E. WATTS, ESQ.*

I, Norman E. Watts, duly swear and affirm as follows:

1. I am a member of the bar of the State of Vermont (admission date 1987) and the District of Columbia (admission date 1989). I am also admitted to practice before the U.S. District Court District of Vermont (admission date 1989) and the U.S. Court of Appeals 2nd Circuit (admission date 1997).

2. I represent Thersia J. Knapik in the above-captioned matter.

3. I make this affidavit pursuant to Local Rule 26 (d)(2) in support of plaintiff's Response in Opposition to Defendant's Motion to Compel Discovery.

4. Defense counsel, Edward Kaplan, Esq., failed to confer with me "in a good faith effort to reduce or eliminate the controversy or arrive at a mutually satisfactory resolution." (L.R. 26(d)(1)).

5. On June 24, 2013 I received Mr. Kaplan's 6/24/13 request for clarification of plaintiff's discovery responses via email sent at 9:51 am from his paralegal, Jeanne Batchelder's account. (Exhibit 1, 6/24/13 Batchelder Email).

6. I was in California at the time I received the email and responded immediately upon receiving.

7. In an email transmitted 6/24/13 at 12:02 pm (Pacific Standard Time), I advised Mr. Kaplan I was traveling and that I would address issues upon my return. (Exhibit 2, 6/24/13 Watts Email). I did not receive a response to this email.

8. Upon my return to the office, I transmitted an email at 10:54 am to Mr. Kaplan, seeking additional time to provide a response. (Exhibit 3, 7/12/13 Email). I did not receive a response to this email.

9. On July 19, 2013, my law clerk, Jennifer Meagher, transmitted a letter to defense counsel via email at 12:49 pm, addressing each of the nine "issues" raised in his June 24, 2013 correspondence. I also expressed plaintiff's intent to continue researching information concerning at least one of the issues and advised that I would provide any additional information requested after my return from vacation the week of 8/6/13. (Exhibit 4, 7/19/13 Meagher Email).

10. On July 23, 2013, during the Early Neutral Evaluation session, defense counsel informed me that he would presently be filing a motion to compel. He did not indicate what he still found insufficient. He did not specify what he believed remained as outstanding issues, including that he sought formal supplemental responses signed by plaintiff.

11. I first learned of defense counsel's objection to the form of counsel's response, the lack of plaintiff's signature, and the issues defense counsel believed were still outstanding in defendant's present motion.

12. Plaintiff provided supplemental responses to discovery with her response in

opposition to the motion to compel. Plaintiff has further supplemented these responses since filing her opposition and served a copy of same upon defendant. (Exhibit 5, Plaintiff's Second Supplemental Responses to Defendant's First Interrogatories; Exhibit 6 Discovery Certificate).

13. Plaintiff has serious issues with defendant's failure to produce key relevant documents. Counsel plans to confer with defense attorneys, presently, to determine if motion practice is necessary.

Respectfully submitted,

Dated:  8/22/13  .  /s/Norman E. Watts  
Norman E. Watts, Esq.  
Watts Law Firm, PC  
PO Box 270  
Woodstock, VT 05091  
Tel: (802) 457-1020  
Fax: (802) 432-1074  
Email: wattslawfirmpc@gmail.com