UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

THERSIA J. KNAPIK,
       *Plaintiff*,

       v.                                                 Civil Action No.: 5:12-cv-175

MARY HITCHCOCK
MEMORIAL HOSPITAL,
       *Defendant*.

## DR. DOE'S MOTION FOR CONDITIONAL INTERVENTION TO SEEK PROTECTIVE ORDER AND SANCTIONS[1]

Intervener, identified in the Amended Verified Complaint as "the other resident" and in other pleadings and submissions as "Dr. Doe," subject to and without waiver of Interveners' objections to this Court's personal jurisdiction, venue, and sufficiency of process, respectfully moves to intervene for the purpose of requesting a protective order (1) that Documents 60 and 61 be filed under seal pursuant to Fed. R. Civ. P. 5.2(d), (2) requiring that Intervener not be identified by name in anything made a part of the public record in this action, and that any documentary evidence or exhibits containing personal identifiable information with respect to Intervener be redacted to remove such information, and for the additional purposed of otherwise protecting Intervener's rights to privacy, including without limitation rights protected by the common law, statute, Defendant's policies and procedures, ACGME requirements, and the Family Educational Rights and Privacy Act. In support of this Motion, Intervener avers as follows:

---

[1] In compliance with Local Rule 7(a)(7), counsel for Intervener hereby certifies that they have made a good faith attempt to obtain Plaintiff's consent to the relief requested in this motion, but that Plaintiff has not responded. *See* Exhibit C.

1

1. Intervener is not a party to this action, and is not subject to this Court's personal jurisdiction, and hereby objects to the court's exercise of personal jurisdiction with respect to Intervener, to sufficiency of process, and to venue.  *See S.E.C. v. Ross*, 504 F.3d 1130, 1149-50 (9th Cir. 2007) (intervener does not consent to jurisdiction where intervention is made subject to intervener's objections to personal jurisdiction, venue and sufficiency of process).

2. Intervener is identified in the Complaint as "the other resident," and in pleadings and submissions as "Dr. Doe."

3. Defendant dismissed Plaintiff from its residency program because Defendant concluded that Plaintiff had accessed private email accounts of two fellow residents, including Intervener, and obtained confidential resident files, including an evaluative letter relating to Intervener which Plaintiff, for Plaintiff's own, personal, vindictive purposes, mailed to the head of vascular surgery at another institution where Intervener had applied for a post-residency fellowship.  *See, e.g.,* Defendant's Objection to Plaintiff's Motion to Compel (Doc. 62).

4. Fortunately, Plaintiff's attempt to derail Intervener's career did not succeed, and Intervener is presently completing a successful fellowship at that institution.

5. Undeterred, Plaintiff is abusing this lawsuit to continue her vindictive campaign to cause harm to Intervener by, among other things, falsely asserting that Intervener was placed on probation during Intervener's residency with Defendant, and that Intervener misrepresented this and certain other information to the institution where Intervener is presently practicing and to medical licensing authorities in the state where Intervener is presently practicing.

6. Plaintiff and plaintiff's counsel know that that these assertions are false.  Defendants' witnesses have confirmed at their depositions that Intervener was never placed on probation, and Intervener confirmed at her deposition that the information Plaintiff accused Intervener of misrepresenting was, in fact, represented accurately, and Plaintiff has no good faith basis for asserting otherwise.  *See, e.g.,* Defendant's Objection to Plaintiff's Motion to Compel (Doc. 62).

7. Even if Plaintiff had a good faith basis for doing what she did and/or for making her accusations against Intervener in this lawsuit, identifying Intervener by name in submissions to the Court is completely unnecessary, and can only serve Plaintiff's vindictive purpose of harassing Intervener and causing harm and embarrassment to Intervener.

8. Intervener's undersigned counsel has repeatedly cautioned Plaintiff's counsel to refrain from identifying Intervener by name in any submissions to the court.  *See* Exhibits A, B.

9. At Intervener's deposition on August 27, 2013, Plaintiff's counsel agreed not to file any portion of the transcript with the court or otherwise make it a part of the public record of this case without first giving Intervener an opportunity to seek a protective order. Dr. Doe Deposition Transcript, at 7–9.

10. Without providing any notice to Intervener's counsel, Plaintiff's counsel then filed two submissions with the Court (Documents 60 and 61) which gratuitously identified Intervener by name.

11. In all submissions prior to Documents 60 and 61, the parties have been able to adequately and effectively state their positions and contentions without identifying Intervener by name.

12. Intervener's counsel has demanded that Plaintiff's counsel request that documents 60 and 61 be filed under seal, but Plaintiff's counsel has failed and refused to make such a request.  *See* Exhibit C.

13. A failure to grant the relief requested in this Motion will create a real and imminent risk of causing unwarranted harm to Intervener's professional reputation.

## **MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 24(a), a court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately protect that interest.   Such is the case here. In an effort to concoct a purported justification for the unacceptable conduct for which Defendant terminated Plaintiff's employment, Plaintiff is engaging in a smear campaign against Intervener, who is not a party to this action, and against whom Plaintiff has no claims.   Most recently, Plaintiff has gratuitously identified Intervener by name in Documents 60 and 61.  While Defendant has been adequately protecting the privacy of Defendant's resident files concerning Intervener, Defendant lacks Intervener's motivation and standing to prevent Plaintiff from identifying Intervener by name so as to protect Intervener's reputation and from otherwise protecting Intervener's rights to privacy, including without limitation rights protected by the common law, statute, Defendant's policies and procedures, ACGME requirements, and the Family Educational Rights and Privacy Act.

Putting aside the question whether Plaintiff's accusations against Intervener, even if they were not false, would provide a legal justification for Plaintiff's actions sufficient to sustain a

legal challenge to Defendant's decision to dismiss Plaintiff from Defendant's residency program—a dubious proposition at best—there can be no justification for Plaintiff's decision to identify Intervener by name in submissions in which Plaintiff has reiterated her spurious accusations.  Prior to Documents 60 and 61, the parties have had no difficulty stating their contentions and positions without identifying Intervener by name.  Plaintiff has used Intervener's name solely for the improper purpose of harassing Intervener by presenting Intervener with the Hobson's choice of either permitting Plaintiff to use this lawsuit to disparage Plaintiff's professional reputation, or incurring the effort and expense of intervening in this lawsuit to prevent Plaintiff from doing so.  There can be no explanation for Plaintiff's decision to identify Intervener by name, in the face of Intervener's explicit demand not to do so, other than to harass and cause harm to Intervener.

Pursuant to Fed. R. Civ. P. 5.2(d), the court may order that unredacted documents be filed under seal, and pursuant to Fed. R. Civ. P. 5.2(e), for good cause shown, the court may order that documents be redacted.

WHEREFORE, Intervener respectfully requests that the court issue an Order:

1) That Documents 60 and 61 be filed under seal;
2) That Plaintiff be instructed not to refer to Intervener by name in any documents made part of the record in this case, and that Intervener be referred to in the parties' submissions as "Dr. Doe";
3) That any documents or exhibits containing personally identifiable information about Intervener be redacted to delete or obliterate such information;

4) That Plaintiff pay Intervener her costs and attorney fees incurred in connection with this Motion, to be established upon certification of Intervener's counsel.

                                                              Respectfully submitted,

Dated:  September 26, 2013           By: /s/ Stephen D. Ellis
                                                      Stephen D. Ellis
                                                      **Ellis Boxer & Blake PLLC**
                                                      Attorneys for Intervener
                                                      24 Summer Hill Street
                                                      PO Box 948
                                                      Springfield, Vt. 05156
                                                      802/885-2141
                                                      802/885-2131 (fax)
                                                      sdellis@ellisboxer.com