UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| THERSIA J. KNAPIK<br><br>     PLAINTIFF<br><br>v.<br><br>MARY HITCHCOCK MEMORIAL<br>HOSPITAL<br><br>     DEFENDANT | CASE NO. 5:12-cv-175 |

*PLAINTIFF'S RESPONSES TO DEFENDANT'S*
*FIRST SET OF INTERROGATORIES*

Plaintiff responds to Defendant Mary Hitchcock Memorial Hospital's First Set of Interrogatories Propounded to Plaintiff Thersia J. Knapik as follows:

1. Please state the following:

    A. your full name, and all other names by which you have been known;

**Response:** **Thersia Jeane Knapik, family called me Terrie.**

    B. your date and place of birth;

**Response:** **1967. Moscow, Idaho.**

    C. your present address;

**Response:** **Temporary residence until lease of Vermont residence expires: Lebanon, New Hampshire. I am also currently house sitting for a friend in Cary, North Carolina.**

    D. your marital status; and

**Response:** **Single.**

    E. all e-mail addresses you have used from January 1, 2011 to the present.

**Response:** **Dartmouth email account until 6/12; otherwise I use an email**

account for communication with my attorney.

2. Please provide the names and addresses of any and all physicians, psychiatrists, psychologists, therapists, and other medical or mental health providers who have treated you from 2007 to the present.

**Response: Objection by counsel. In that plaintiff has not filed a emotional distress claim placing plaintiff's emotional status in question, the requested information is not reasonably calculated to lead to discovery of relevant information.**

3. Please provide the names and addresses of your closest friends from 2011 to the present and all persons you dated or were in a relationship with from 2011 to the present.

**Response: Objection by counsel. The request is not reasonably calculated to lead to discovery of relevant information.**

4. With regard to the allegation contained in paragraph 37 of your Amended Complaint that, "Plaintiff was aware of her ethical obligation as a physician, to report unethical behavior or "incompetence that threatens patient care or welfare" to appropriate authorities" please state whether, at any time *prior to and including* May 8, 2012, you consulted and/or discussed said ethical obligation with any other person.

**Response: Yes.**

5. If your answer to the preceding interrogatory is in the affirmative, please:

   A. Identify by name, occupation, current address and telephone number, each and every person with whom you had each said consultation and/or discussion;

**Response: Objection by counsel. The request is highly cumbersome and not reasonably calculated to lead to discovery of relevant or admissible information. Without waiving, I discussed a physician's ethical obligations with my therapist.**

   B. State the date of each said consultation and/or discussion;

**Response: Objection by counsel. The request seeks information protected by patient-client confidentiality.**

   C. Describe each said consultation and/or discussion in detail, indicating who said what to whom in the order in which it was said; and

Watts Law Firm PC, PO Box 270, Woodstock, VT 05091
Tel: (802) 457-1020 Fax: (802) 432-1074 Email: wattslawfirmpc@gmail.com

Page 2 of 7

**Response: Objection by counsel. The request seeks information protected by patient-client confidentiality.**

  D. Please identify and attach to your answers to these interrogatories all documents which you allege support your answer to this interrogatory or to which you referred in preparing your answer.

**Response: Not applicable.**

6. With regard to the allegation contained in paragraph 37 of your Amended Complaint that, "Plaintiff was aware of her ethical obligation as a physician, to report unethical behavior or "incompetence that threatens patient care or welfare" to appropriate authorities" please state whether, at any time *since* May 8, 2012, you consulted and/or discussed said ethical obligation with any other person.

**Response: Yes.**

7. If your answer to the preceding interrogatory is in the affirmative, please:

  A. Identify by name, occupation, current address and telephone number, each and every person with whom you had each said consultation and/or discussion;

**Response: Objection by counsel. The request is highly cumbersome and not reasonably calculated to lead to discovery of relevant or admissible information. In addition, the terms "consulted and/or discussed" are ambiguous and not defined. Without waiving, I discussed a physician's ethical obligations with counsel, our expert witness and the individuals gathered at my residence on the day defendant notified me it was banning me from graduation. I discussed with Richard B. Freeman, Jr., MD and Kerry Ryan during our June 6, 2012 meeting. I also explained the events of my termination, including the reason I reported Dr. D     ' unethical behavior in communications with Barbara Jalbert-Gerkens, American Board of Surgery, Richard K. Parrish, MD, Jackson Memorial Hospital, University of California, Irvine, the New Hampshire Board of Medicine and other prospective employers.**

  B. State the date of each said consultation and/or discussion;

**Response: Please see previous response.**

  C. Describe each said consultation and/or discussion in detail, indicating who said what to whom in the order in which it was said; and

**Response: Please see response 7A above.**

  D. Please identify and attach to your answers to these interrogatories all

Watts Law Firm PC, PO Box 270, Woodstock, VT 05091
Tel: (802) 457-1020 Fax: (802) 432-1074 Email: wattslawfirmpc@gmail.com

Page 3 of 7

documents which you allege support your answer to this interrogatory or to which you referred in preparing your answer.

**Response: Please see documents produced with initial disclosures.**

8. With regard to the allegation contained in paragraph 52 of your Amended Complaint that, "Plaintiff was aware that physicians' professional ethical standards and obligations control over institutional policies and determined to adhere to the former by sending the other resident's probation letter to the fellowship institution and the licensing state" please state whether, at any time *prior to and including* May 8, 2012, you consulted and/or discussed said physicians' professional ethical standards and obligations with any other person.

**Response: Yes.**

9. If your answer to the preceding interrogatory is in the affirmative, please:

    A. Identify by name, occupation, current address and telephone number, each and every person with whom you had each said consultation and/or discussion;

**Response: Objection by counsel. The request is highly cumbersome and not reasonably calculated to lead to discovery of relevant or admissible information. Without waiving, I discussed the entire issue concerning my ethical obligations with my therapist. I do not recall if we specifically discussed the relationship between professional ethics and institutional policies.**

    B. State the date of each said consultation and/or discussion;

**Response: Please see previous response.**

    C. Describe each said consultation and/or discussion in detail, indicating who said what to whom in the order in which it was said; and

**Response: Please see previous response.**

    D. Please identify and attach to your answers to these interrogatories all documents which you allege support your answer to this interrogatory or to which you referred in preparing your answer.

**Response: Not applicable.**

10. With regard to the allegation contained in paragraph 52 of your Amended Complaint that, "Plaintiff was aware that physicians' professional ethical standards and obligations control over institutional policies and determined to adhere to the

Watts Law Firm PC, PO Box 270, Woodstock, VT 05091
Tel: (802) 457-1020 Fax: (802) 432-1074 Email: wattslawfirmpc@gmail.com

Page 4 of 7

former by sending the other resident's probation letter to the fellowship institution and the licensing state" please state whether, at any time *since* May 8, 2012, you consulted and/or discussed said physicians' professional ethical standards and obligations with any other person.

**Response: Yes.**

11. If your answer to the preceding interrogatory is in the affirmative, please:

   A. Identify by name, occupation, current address and telephone number, each and every person with whom you had each said consultation and/or discussion;

**Response: Objection by counsel. The request is highly cumbersome and not reasonably calculated to lead to discovery of relevant or admissible information. Without waiving, I discussed a physician's ethical obligations control over institutional policies with counsel and our expert witness.**

   B. State the date of each said consultation and/or discussion;

**Response: Objection by counsel. The request seeks information protected by attorney-client privilege.**

   C. Describe each said consultation and/or discussion in detail, indicating who said what to whom in the order in which it was said; and

**Response: Objection by counsel. The request seeks information protected by attorney-client privilege.**

   D. Please identify and attach to your answers to these interrogatories all documents which you allege support your answer to this interrogatory or to which you referred in preparing your answer.

**Response: Please see previous response and documents previously produced with initial disclosures.**

12. Please execute the attached authorizations for release of any and all records maintained by any person identified in your answer to Interrogatories 2 and 4 through 11 above.

**Response: Not applicable.**

13. If you have ever been a party to a lawsuit (other than the present case), please state whether you were a plaintiff or a defendant, the nature of the claim made, the name of the other parties, the court in which the litigation was filed, and the outcome of the litigation.

Watts Law Firm PC, PO Box 270, Woodstock, VT 05091
Tel: (802) 457-1020 Fax: (802) 432-1074 Email: wattslawfirmpc@gmail.com

Page 5 of 7

**Response: No other lawsuits.**

14. If you claim lost earnings or earning capacity as a result of defendant's actions, please specify the total lost wages claimed and the amount claimed for loss of earning capacity, including the basis upon which you make any such claim.

**Response: My damages expert will be producing a report soon and we will produce it to defendant.**

15. Have you opened, used, or maintained a Facebook account since January 1, 2011? If so, please identify the user name and e-mail address for any Facebook account opened, used, or maintained by you from January 1, 2011 through the present.

**Response: Objection by counsel: Responding to the interrogatory is unduly burdensome under FRCP 26(b)(2)(B). Plaintiff is not required to provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. The requested information is not reasonably accessible because of undue burden or cost.**

16. Have you opened, used, or maintained any other social or professional networking accounts (including, but not limited to, Google+, MySpace, Twitter, LinkedIn)? If so, please identify the user name and e-mail address for all such accounts.

**Response: Objection by counsel: Responding to the interrogatory is unduly burdensome under FRCP 26(b)(2)(B). Plaintiff is not required to provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. The requested information is not reasonably accessible because of undue burden or cost.**

17. Since 2007, have you ever accessed or logged into (or been accused of accessing or logging into) another person's e-mail or other electronic account (e.g., Facebook; Match.com) without the person's authorization? If yes, please describe the circumstances of such activity or alleged activity, including specifying the name of the person whose account you accessed or logged into (or were accused of accessing or logging into), when you accessed or logged into (or were accused of accessing or logging into) the account, the nature of the information obtained, and the reason for any such action.

**Response: No.**

[SIGNATURES AND NOTARY ACKNOWLEDGMENT NEXT PAGE]

DATED: 6/10/13.

_____
THERSIA J. KNAPIK, MD
PLAINTIFF

STATE of North Carolina
COUNTY of Wake

    Personally appeared before me, on this ___10___ day of __June__, 2013, the above-named Thersia J. Knapik, and acknowledged, swore and affirmed, under oath, that the facts herein are true to the best of her knowledge and belief.

MARK BABYAK
Notary Public, North Carolina
Wake County
My Commission Expires
March 27, 2017

_____
Notary Public

My Commission Expires: March 27, 2017

As to Objections:

DATED: 6/13/13.

_____
Norman E. Watts, Esq.
Attorney for Plaintiff

Watts Law Firm PC, PO Box 270, Woodstock, VT 05091
Tel: (802) 457-1020 Fax: (802) 432-1074 Email: wattslawfirmpc@gmail.com

Page 7 of 7

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| THERSIA J. KNAPIK<br><br>    PLAINTIFF<br><br>v.<br><br>MARY HITCHCOCK MEMORIAL<br>HOSPITAL<br><br>    DEFENDANT | CASE NO. 5:12-cv-175 |

### *PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES*

    Plaintiff supplements and/or corrects her previous responses to Defendant Mary Hitchcock Memorial Hospital's First Set of Interrogatories Propounded to Plaintiff Thersia J. Knapik as follows:

1.     Please state the following:

    A.     your full name, and all other names by which you have been known;

**Response:**   **Thersia Jeane Knapik, family called me Terrie.**

    B.     your date and place of birth;

**Response:**     **/1967. Moscow, Idaho.**

    C.     your present address;

**Response:**   **Temporary residence until lease of Vermont residence expires: Lebanon, New Hampshire. I am also currently house sitting for a friend in Cary, North Carolina.**

    D.     your marital status; and

**Response: Single.**

    E.     all e-mail addresses you have used from January 1, 2011 to the present.

Watts Law Firm PC, PO Box 270, Woodstock, VT 05091
Tel: (802) 457-1020 Fax: (802) 432-1074 Email: wattslawfirmpc@gmail.com

Page 1 of 6

**Response: Objection by counsel, the relevance of email accounts other than the Dartmouth email account is questionable. Without waiving the objection, Dartmouth email account until 6/12; otherwise I use an email account for communication with my attorney. I am otherwise uncertain of any email address I may have used during the timeframe. I am continuing to search for related information, subject to supplementation.**

2.    Please provide the names and addresses of any and all physicians, psychiatrists, psychologists, therapists, and other medical or mental health providers who have treated you from 2007 to the present.

**Response: Objection by counsel. In that plaintiff has not filed a emotional distress claim placing plaintiff's emotional status in question, the requested information is not reasonably calculated to lead to discovery of relevant information. Without waiving the objection, my therapist, Terry Baker.**

5.    If your answer to the preceding interrogatory is in the affirmative, please:

    A.    Identify by name, occupation, current address and telephone number, each and every person with whom you had each said consultation and/or discussion;

**Response: Objection by counsel. The request is highly cumbersome and not reasonably calculated to lead to discovery of relevant or admissible information. Without waiving, I discussed a physician's ethical obligations with my therapist.**

    B.    State the date of each said consultation and/or discussion;

**Response: Objection by counsel. The request seeks information protected by patient-provider confidentiality.**

    C.    Describe each said consultation and/or discussion in detail, indicating who said what to whom in the order in which it was said; and

**Response: Objection by counsel. The request seeks information protected by patient-provider confidentiality.**

    D.    Please identify and attach to your answers to these interrogatories all documents which you allege support your answer to this interrogatory or to which you referred in preparing your answer.

**Response: Not applicable.**

Watts Law Firm PC, PO Box 270, Woodstock, VT 05091
Tel: (802) 457-1020 Fax: (802) 432-1074 Email: wattslawfirmpc@gmail.com

Page 2 of 6

7.  If your answer to the preceding interrogatory is in the affirmative, please:

   A.  Identify by name, occupation, current address and telephone number, each and every person with whom you had each said consultation and/or discussion;

**Response: Objection by counsel. The request is highly cumbersome and not reasonably calculated to lead to discovery of relevant or admissible information. In addition, the terms "consulted and/or discussed" are ambiguous and not defined and any communications between myself and counsel are protected by attorney-client privilege. Without waiving, I discussed a physician's ethical obligations with counsel. I discussed with Richard B. Freeman, Jr., MD and Kerry Ryan during our June 6, 2012 meeting. I also explained the events of my termination, including the reason I reported Dr. D   ' unethical behavior in communications with Barbara Jalbert-Gerkens, American Board of Surgery, Richard K. Parrish, MD, Jackson Memorial Hospital, University of California, Irvine, the New Hampshire Board of Medicine and other prospective employers.**

   B.  State the date of each said consultation and/or discussion;

**Response: Please see previous response.**

   C.  Describe each said consultation and/or discussion in detail, indicating who said what to whom in the order in which it was said; and

**Response: Please see response 7A above.**

   D.  Please identify and attach to your answers to these interrogatories all documents which you allege support your answer to this interrogatory or to which you referred in preparing your answer.

**Response: Please see documents produced with initial disclosures.**

9.  If your answer to the preceding interrogatory is in the affirmative, please:

   A.  Identify by name, occupation, current address and telephone number, each and every person with whom you had each said consultation and/or discussion;

**Response: Objection by counsel. The request is highly cumbersome and not reasonably calculated to lead to discovery of relevant or admissible information. The request also seeks information protected by patient-provider privilege. Without waiving, I discussed the entire issue concerning my ethical obligations with my therapist. I do not recall if we specifically discussed the relationship between professional ethics and institutional policies.**

Watts Law Firm PC, PO Box 270, Woodstock, VT 05091
Tel: (802) 457-1020 Fax: (802) 432-1074 Email: wattslawfirmpc@gmail.com

Page 3 of 6

B.   State the date of each said consultation and/or discussion;

**Response: Please see previous response.**

C.   Describe each said consultation and/or discussion in detail, indicating who said what to whom in the order in which it was said; and

**Response: Please see previous response.**

D.   Please identify and attach to your answers to these interrogatories all documents which you allege support your answer to this interrogatory or to which you referred in preparing your answer.

**Response: Not applicable.**

11.   If your answer to the preceding interrogatory is in the affirmative, please:

A.   Identify by name, occupation, current address and telephone number, each and every person with whom you had each said consultation and/or discussion;

**Response: Objection by counsel. The request is highly cumbersome and not reasonably calculated to lead to discovery of relevant or admissible information. Without waiving, I discussed a physician's ethical obligations control over institutional policies with counsel.**

B.   State the date of each said consultation and/or discussion;

**Response: Objection by counsel. The request seeks information protected by attorney-client privilege.**

C.   Describe each said consultation and/or discussion in detail, indicating who said what to whom in the order in which it was said; and

**Response: Objection by counsel. The request seeks information protected by attorney-client privilege**.

D.   Please identify and attach to your answers to these interrogatories all documents which you allege support your answer to this interrogatory or to which you referred in preparing your answer.

**Response: Please see previous response and documents previously produced with initial disclosures.**

12.   Please execute the attached authorizations for release of any and all records maintained by any person identified in your answer to Interrogatories 2 and 4 through 11

Watts Law Firm PC, PO Box 270, Woodstock, VT 05091
Tel: (802) 457-1020 Fax: (802) 432-1074 Email: wattslawfirmpc@gmail.com

Page 4 of 6

above.

**Response: Not applicable.**

14. If you claim lost earnings or earning capacity as a result of defendant's actions, please specify the total lost wages claimed and the amount claimed for loss of earning capacity, including the basis upon which you make any such claim.

**Response: Please refer to report of Robert Bancroft, PhD.**

15. Have you opened, used, or maintained a Facebook account since January 1, 2011? If so, please identify the user name and e-mail address for any Facebook account opened, used, or maintained by you from January 1, 2011 through the present.

**Response: Objection by counsel: Responding to the interrogatory is unduly burdensome under FRCP 26(b)(2)(B). Plaintiff is not required to provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. The requested information is not reasonably accessible because of undue burden or cost. Without waiving, at some point in the past I did have a Facebook account but I do not recall the caption, title or user name.**

16. Have you opened, used, or maintained any other social or professional networking accounts (including, but not limited to, Google+, MySpace, Twitter, LinkedIn)? If so, please identify the user name and e-mail address for all such accounts.

**Response: Objection by counsel: Responding to the interrogatory is unduly burdensome under FRCP 26(b)(2)(B). Plaintiff is not required to provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. The requested information is not reasonably accessible because of undue burden or cost. Without waiving the objection, no.**

**[SIGNATURES AND NOTARY ACKNOWLEDGMENT NEXT PAGE]**

Watts Law Firm PC, PO Box 270, Woodstock, VT 05091
Tel: (802) 457-1020 Fax: (802) 432-1074 Email: wattslawfirmpc@gmail.com

Page 5 of 6

DATED:_____.

                                              THERSIA J. KNAPIK, MD
                                              PLAINTIFF

**STATE of** _____
**COUNTY of** _____

      **Personally appeared before me, on this _____ day of _____, 2013, the above-named Thersia J. Knapik, and acknowledged, swore and affirmed, under oath, that the facts herein are true to the best of her knowledge and belief.**

                                                **Notary Public**

                              **My Commission Expires:** _____

As to Objections:

DATED: _8/12/13_____.                         /s/Norman E. Watts_____
                                                Norman E. Watts, Esq.
                                                Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| THERSIA J. KNAPIK | |
| PLAINTIFF | CASE NO. 5:12-cv-175 |
| v. | |
| MARY HITCHCOCK MEMORIAL HOSPITAL | |
| DEFENDANT | |

### *PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES*

Plaintiff supplements and/or corrects her previous responses to Defendant Mary Hitchcock Memorial Hospital's First Set of Interrogatories Propounded to Plaintiff Thersia J. Knapik as follows:

1. Please state the following:

    A. your full name, and all other names by which you have been known;

**Response:** Thersia Jeane Knapik, family called me Terrie.

    B. your date and place of birth;

**Response:** /1967. Moscow, Idaho.

    C. your present address;

**Response:** Temporary residence until lease of Vermont residence expires: Lebanon, New Hampshire. I am also currently house sitting for a friend in Cary, North Carolina.

    D. your marital status; and

**Response:** Single.

    E. all e-mail addresses you have used from January 1, 2011 to the present.

Watts Law Firm PC, PO Box 270, Woodstock, VT 05091
Tel: (802) 457-1020 Fax: (802) 432-1074 Email: wattslawfirmpc@gmail.com

Page 1 of 6

**Response: Objection by counsel, the relevance of email accounts other than the Dartmouth email account is questionable. Without waiving the objection, Dartmouth email account until 6/12; otherwise, fleeder@yahoo.com. I also use an email account for communication with my attorney, thrsjeane@yahoo.com . It is also possible that I may have opened (an) additional account(s) for receiving junk mail type messages during this time period, but I do not recall specifics.**

**I turned over my electronic communication devices to an independent certified forensic electronic firm. The firm preserved the contents. I will produce the record under separate cover and the firm will search the contents for relevant information. If relevant information is discovered it will be produced.**

2. Please provide the names and addresses of any and all physicians, psychiatrists, psychologists, therapists, and other medical or mental health providers who have treated you from 2007 to the present.

**Response: Objection by counsel. In that plaintiff has not filed a emotional distress claim placing plaintiff's emotional status in question, the requested information is not reasonably calculated to lead to discovery of relevant information. Without waiving the objection, my therapist, Terrie Baker, MSW, LCSW.**

5. If your answer to the preceding interrogatory is in the affirmative, please:

  A. Identify by name, occupation, current address and telephone number, each and every person with whom you had each said consultation and/or discussion;

**Response: Objection by counsel. The request is highly cumbersome and not reasonably calculated to lead to discovery of relevant or admissible information. Without waiving, I discussed a physician's ethical obligations with my therapist, Terrie Baker, MSW, LCSW.**

  B. State the date of each said consultation and/or discussion;

**Response: Objection by counsel. The request seeks information protected by patient-provider confidentiality.**

  C. Describe each said consultation and/or discussion in detail, indicating who said what to whom in the order in which it was said; and

**Response: Objection by counsel. The request seeks information protected by patient-provider confidentiality.**

    D.    Please identify and attach to your answers to these interrogatories all documents which you allege support your answer to this interrogatory or to which you referred in preparing your answer.

**Response: Not applicable.**

7.    If your answer to the preceding interrogatory is in the affirmative, please:

    A.    Identify by name, occupation, current address and telephone number, each and every person with whom you had each said consultation and/or discussion;

**Response: Objection by counsel. The request is highly cumbersome and not reasonably calculated to lead to discovery of relevant or admissible information. In addition, the terms "consulted and/or discussed" are ambiguous and not defined and any communications between myself and counsel are protected by attorney-client privilege. Without waiving, I discussed a physician's ethical obligations with counsel. I discussed with Richard B. Freeman, Jr., MD and Kerry Ryan during our June 6, 2012 meeting. I also explained the events of my termination, including the reason I reported Dr. _____' unethical behavior in communications with Seth Thaller, MD, Chair of Plastic & Reconstructive Surgery, Jackson Memorial Hospital during a telephone call on June 13, 2012. See also copies of documents previously produced addressed to: Barbara Jalbert-Gerkens, American Board of Surgery, Richard K. Parrish, MD, Jackson Memorial Hospital, University of California, Irvine and the New Hampshire Board of Medicine.**

    B.    State the date of each said consultation and/or discussion;

**Response: Please see previous response.**

    C.    Describe each said consultation and/or discussion in detail, indicating who said what to whom in the order in which it was said; and

**Response: Please see response 7A above.**

    D.    Please identify and attach to your answers to these interrogatories all documents which you allege support your answer to this interrogatory or to which you referred in preparing your answer.

**Response: Please see documents produced with initial disclosures.**

9.    If your answer to the preceding interrogatory is in the affirmative, please:

    A.    Identify by name, occupation, current address and telephone number, each

and every person with whom you had each said consultation and/or discussion;

**Response: Objection by counsel. The request is highly cumbersome and not reasonably calculated to lead to discovery of relevant or admissible information. The request also seeks information protected by patient-provider privilege. Without waiving, I discussed the entire issue concerning my ethical obligations with my therapist. I do not recall if we specifically discussed the relationship between professional ethics and institutional policies.**

      B.    State the date of each said consultation and/or discussion;

**Response:  Please see previous response.**

      C.    Describe each said consultation and/or discussion in detail, indicating who said what to whom in the order in which it was said; and

**Response:  Please see previous response.**

      D.    Please identify and attach to your answers to these interrogatories all documents which you allege support your answer to this interrogatory or to which you referred in preparing your answer.

**Response:  Not applicable.**

11.    If your answer to the preceding interrogatory is in the affirmative, please:

      A.    Identify by name, occupation, current address and telephone number, each and every person with whom you had each said consultation and/or discussion;

**Response: Objection by counsel. The request is highly cumbersome and not reasonably calculated to lead to discovery of relevant or admissible information.  Without waiving, I discussed a physician's ethical obligations control over institutional policies with counsel.**

      B.    State the date of each said consultation and/or discussion;

**Response: Objection by counsel. The request seeks information protected by attorney-client privilege.**

      C.    Describe each said consultation and/or discussion in detail, indicating who said what to whom in the order in which it was said; and

**Response: Objection by counsel. The request seeks information protected by attorney-client privilege.**

D.    Please identify and attach to your answers to these interrogatories all documents which you allege support your answer to this interrogatory or to which you referred in preparing your answer.

**Response: Please see previous response and documents previously produced with initial disclosures.**

12.    Please execute the attached authorizations for release of any and all records maintained by any person identified in your answer to Interrogatories 2 and 4 through 11 above.

**Response: Not applicable.**

14.    If you claim lost earnings or earning capacity as a result of defendant's actions, please specify the total lost wages claimed and the amount claimed for loss of earning capacity, including the basis upon which you make any such claim.

**Response:  Please refer to report of Robert Bancroft, PhD.**

15.    Have you opened, used, or maintained a Facebook account since January 1, 2011? If so, please identify the user name and e-mail address for any Facebook account opened, used, or maintained by you from January 1, 2011 through the present.

**Response: Objection by counsel: Responding to the interrogatory is unduly burdensome under FRCP 26(b)(2)(B).  Plaintiff is not required to provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost.  The requested information is not reasonably accessible because of undue burden or cost.  Without waiving, at some point in the past I did have a Facebook account but I do not recall the caption, title or user name.**

**I turned over my electronic communication devices to an independent certified forensic electronic firm.  The firm preserved the contents.  I will produce the record under separate cover and the firm will search the contents for relevant information.  If relevant information is discovered it will be produced.**

16.    Have you opened, used, or maintained any other social or professional networking accounts (including, but not limited to, Google+, MySpace, Twitter, LinkedIn)? If so, please identify the user name and e-mail address for all such accounts.

**Response: Objection by counsel: Responding to the interrogatory is unduly burdensome under FRCP 26(b)(2)(B).  Plaintiff is not required to provide discovery of electronically stored information from sources that the party**

identifies as not reasonably accessible because of undue burden or cost. The requested information is not reasonably accessible because of undue burden or cost. Without waiving the objection, at some point in the past I did have a LinkedIn account but I do not recall the caption, title or user name.

      I turned over my electronic communication devices to an independent certified forensic electronic firm. The firm preserved the contents. I will produce the record under separate cover and the firm will search the contents for relevant information. If relevant information is discovered it will be produced.

DATED: 8/22/13

THERSIA J. KNAPIK, MD
PLAINTIFF

STATE of North Carolina
COUNTY of Wake

      Personally appeared before me, on this 22 day of August, 2013, the above-named Thersia J. Knapik, and acknowledged, swore and affirmed, under oath, that the facts herein are true to the best of her knowledge and belief.

Notary Public

My Commission Expires: 07-22-14

As to Objections:

DATED: 8/22/13

Norman E. Watts, Esq.
Attorney for Plaintiff

Watts Law Firm PC, PO Box 270, Woodstock, VT 05091
Tel: (802) 457-1020 Fax: (802) 432-1074 Email: wattslawfirmpc@gmail.com