UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| Thersia J. Knapik, § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 5:12-cv-00175-cr |
| § | |
| Mary Hitchcock Memorial Hospital, § | |
| *Defendant*. § | |

### DEFENDANT'S REPLY TO FEBRUARY 19, 2014 ORDER

Defendant Mary Hitchcock Memorial Hospital, by and through its counsel, Sulloway & Hollis, P.L.L.C., hereby responds to the Court's February 19, 2014 Order. Therein, the Court asked defendant to indicate whether plaintiff's consent to: (a) the deposition of Terrie Baker "limited to inquiry regarding discussions between Plaintiff and Ms. Baker concerning Plaintiff's 'ethical obligations and/or relationship between professional ethics and institutional policies';" and (b) the "production of Ms. Baker's notes under the condition that they are 'redacted to remove discussions of any other subjects' … moots in part its pending motion to compel." For the reasons explained herein, plaintiff's proposed resolution does not moot defendant's motion to compel with respect to Ms. Baker.[1]

1.  Ms. Baker is a clinical social worker/therapist, who has been licensed and has practiced in North Carolina for at least 15 years. *See* Exhibit A. On information and belief, Ms. Baker has never been licensed and has never practiced in New Hampshire or Vermont. In April 2012, plaintiff advised that "one of [her] friends from NC" (later identified as Ms. Baker) may be

---

[1] Defendant assumes that the Court is making inquiry as concerns only discovery regarding Ms. Baker. Defendant has requested (and still seeks) other relief in its motion to compel, including an order requiring plaintiff to disclose the identity of the individuals who were at her residence when she was told not to attend the chief resident's graduation dinner. *See* Document 84.

coming to the chief resident's graduation dinner.  *See* Exhibit B.  In her deposition, plaintiff stated that she discussed her reasons for sending a letter concerning another resident (Dr. Doe) in May 2012 to a physician at the University of Kentucky College of Medicine and the Kentucky Board of Medical Licensure with Ms. Baker, who she described as her "therapist."

2. Given that plaintiff had been living in Vermont since June 2007, and given the apparent dual nature of the relationship between plaintiff and Ms. Baker (both friend and therapist), defendant is uncertain about whether any discussions they may have had about any discoverable matter occurred or did not occur during therapy.  As such, defendant believes that it is entitled to explore the nature of their relationship (*e.g.*, was plaintiff a patient, when was she a patient, where did the treatment take place, was plaintiff billed for the treatment) because the fact that plaintiff and Ms. Baker may have had a patient-therapist relationship does not shield from discovery any discussions Ms. Baker may have had with plaintiff in other contexts.  If there is a dispute about whether a particular discussion occurred in connection with therapy, then defendant should be able to make inquiry as to basis of any assertion of privilege, including whether anyone else was present when the discussion took place.

3. Even if any discussions occurred in therapy, defendant does not believe that the scope of inquiry should be limited to discussions between plaintiff and Ms. Baker concerning plaintiff's "ethical obligations and/or relationship between professional ethics and institutional policies."  Rather, inquiry should be permitted as to discussions of any matters concerning Dr. Doe – including, but not limited to, the relationship between plaintiff and Dr. Doe, plaintiff's obtaining a copy of the February 11, 2011 letter concerning Dr. Doe, plaintiff's sending of the letter to a physician at the University of Kentucky College of Medicine and the Kentucky Board of Medical Licensure, and plaintiff's subsequent dismissal from the residency program.  The

same is true with respect to Ms. Baker's notes.  After all, the privilege is intended to safeguard communications made for the purpose of diagnosis and treatment.  *See Davidson v. City of Bridgeport*, 2012 U.S. App. LEXIS 12904 **11-12 (2d Cir. June 25, 2012).  As such, it is "axiomatic that communications that bear no relationship to the purpose for which the privilege was enacted do not obtain shelter … and are admissible under the normal rules of evidence." *Id.* It seems highly unlikely that discussions as to the relationship between plaintiff and Dr. Doe, plaintiff's obtaining a copy of the February 11, 2011 letter concerning Dr. Doe, plaintiff's sending of the letter to a physician at the University of Kentucky College of Medicine and the Kentucky Board of Medical Licensure, and plaintiff's subsequent dismissal from the residency program were made for therapeutic reasons.  Even if they were, for reasons explained in prior memoranda, the privilege is not absolute and the balance weighs in favor of the disclosure of this limited information.

4. For all of these reasons, defendant requests that the Court order that it may depose Ms. Baker regarding *any* discoverable matter outside of any patient-therapist relationship.  Even if such discussions occurred in therapy, defendant requests that the Court permit inquiry as to discussions of any matters concerning Dr. Doe – including, but not limited to, the relationship between plaintiff and Dr. Doe, plaintiff's obtaining a copy of the February 11, 2011 letter concerning Dr. Doe, plaintiff's sending of the letter to a physician at the University of Kentucky College of Medicine and the Kentucky Board of Medical Licensure, and plaintiff's subsequent dismissal from the residency program.  While discovery is currently stayed in this matter, defendant requests that the Court also order that Ms. Baker's notes be immediately produced so that defendant will have them in advance of Ms. Baker's deposition.

-4-

        Respectfully submitted,

        MARY HITCHCOCK MEMORIAL HOSPITAL

        By Its Attorneys,
        SULLOWAY & HOLLIS, P.L.L.C.

DATED: February 28, 2014    By: /s/ William D. Pandolph, Esq.
        Edward M. Kaplan, Esq.
        William D. Pandolph, Esq.
        9 Capitol Street
        P.O. Box 1256
        Concord, NH 03302-1256
        (603)224-2341
        e-mail: wpandolph@sulloway.com

## CERTIFICATE OF SERVICE

    I hereby certify that this pleading was served on the following persons on this date and in the manner specified herein: Electronically Served Through ECF: Norman E. Watts, Esq., Stephen D. Ellis, Esq., Anthony Z. Roisman, Esq., and Jeremiah R. Newhall, Esq.

DATED: February 28, 2014    By: /s/ William D. Pandolph, Esq.
        William D. Pandolph, Esq.