## WATTS LAW FIRM
A Professional Corporation

Norman E. Watts, Esq.

Admitted to practice:
Vermont
Washington, D.C.

Stefan Ricci, Esq., Of Counsel
Jennifer Meagher, Law Clerk

Website: wattslawfirmpc.com

19 Central Street
PO Box 270
Woodstock VT 05091-0270

(802)457-1020 Telephone
(802) 432-1074 Fax

Email: wattslawfirmpc@gmail.com

June 18, 2012

**_VIA FEDERAL EXPRESS_**

Richard K. Parrish, MD
Associate Dean for Graduate Medical Education
    and ACGME Designated Institutional Officer
University of Miami Health System -
    Jackson Memorial Medical Center
Clinical Research Building
1120 NW 14th Street - Suite 960
Miami FL 33136

**Re: _UMHS/JMMC Surgery Fellow Thersia J. Knapik, MD_**

Dear Dr. Parrish:

     We are sending you correspondence from and regarding Dr. Thersia J. Knapik, an incoming fellow at the University of Miami Health System/Jackson Memorial Medical Center. The purpose of this transmission is to provide you, as Associate Dean for GME and the ACGME Designated Institutional Officer, with information concerning Dr. Knapik's situation and appeal to you to consider her request to permit her to repeat the fifth year surgical residency training at UMHS/JMMC so that she might graduate and pursue the fellowship that UMHS/JMMC awarded her.

     Dr. Knapik's request is made in the context of the ACGME's high ethical and practice standards for residents and fellows. Dr. Knapik successfully demonstrated the core elements of professional behavior in all aspects of her clinical and educational activities. She would be a genuine asset to the UMHS/JMMC surgical residency and fellowship programs.

     The background information is discussed in detail in the enclosed correspondence. I attempted to reach you to explain that we will be pursuing legal action against Dartmouth Hitchcock Medical Center for wrongful termination of Dr. Knapik's residency. We believe the case will succeed and clear her name and reputation.

     But, in the interim, she wishes to continue her training and her career. Hence, the request to you.

     Briefly, DHMC dismissed Dr. Knapik after she completed the five year residency – on graduation day. DHMC claims, among other things, that Dr. Knapik demonstrated poor

P258
WLF

judgment when she transmitted another resident's probation letter to the other resident's fellowship program and to the state where the other resident sought licensure.

The other resident notified Dr. Knapik about her own probation at DHMC. Dr. Knapik attempted to convince the other resident that she had a duty to report her probationary status to the institution and the state. When the other resident refused – and lied on her applications – Dr. Knapik transmitted the DHMC probation letter to the fellowship and the state.

Dr. Knapik sought to uphold the medical profession's obligation for truthfulness and its high ethical standard. She believed it was dishonest to hide the probation episode. So that you understand the seriousness of the probation report, I enclose (in confidence) the letter.

But DHMC disregarded its own ethical obligation and fired Dr. Knapik. In essence, DHMC fired Dr. Knapik for unethical conduct – for reporting unethical conduct!

As delineated in her letter to the American Board of Surgery, enclosed, Dr. Knapik's actions complied with and upheld the American Medical Association's clear obligation for physicians to report any unethical behavior. (AMA Opinion 9.031 attached).

Also enclosed is DHMC's "Core Code of Ethical Conduct" and DHMC's letter (6/13/12) dismissing Dr. Knapik. As you can see, DHMC's rationale for terminating Dr. Knapik is an exaggeration of its own policies. For example, the institution accuses her of violating the ACGME's rules concerning "professional responsibilities" and "ethical principles," without any specifics. A review of the AGCME competencies indicates no rule violation.

DHMC accused Dr. Knapik of violating its code because the author and the subject did not authorize her to transmit the letter to the program and the state. But, the code requires her to expose dishonesty (#11, p. 4, Item 3). That is exactly what she did. Actually, it is DHMC that violated the code by retaliating against Dr. Knapik for transmitting the information anonymously to the proper authorities.

Dr. Parrish, as you know, without a graduation certificate, Dr. Knapik is not eligible for the UMHS/JMMC fellowship. Hence, her offer to repeat the fifth year. Seth R. Thaller, MD, the UMHS/JMHC program director has Dr. Knapik's training file. It demonstrates a stellar record. She would be a genuine asset to the institution's plastic surgery fellowship program.

Please consider Dr. Knapik's request. If you would like additional information, do not hesitate to contact me directly. Otherwise, Dr. Knapik will be relocating to the Miami area next week and would be available to meet with you.

Thank you for considering the merits of Dr. Knapik's request.

Sincerely,

Norman E. Watts

NEW:jm
Enclosures